Kent & Company *vs.* Downing.

---

KENT & COMPANY, plaintiff in error, *vs.* L. T. DOWNING, assignee, defendant in error.

The same parties *vice versa.*

Where there was an attachment pending in the Superior Court of Muscogee county against A, who was declared a bankrupt, and his assignee was appointed under the laws of the United States :

1. *Held*, That the assignee may be made a party to the attachment, and that it was proper, on his motion, to declare the attachment dissolved by the bankruptcy.

Kent & Company *vs.* Downing.

2. *Held further*, That pending such motion, the plaintiff in attachment may amend his attachment as in other cases.

3. When an attachment was issued on the 12th of August, 1870, and was, by mistake, made returnable to the May term, 1871, instead of November, 1870:

*Held*, That, on the mistake being made apparent to the Court, the attachment and bond may be returned, if the return was in fact made to the November term, 1870.

Bankruptcy. Amendment. Practice. Before Judge JOHNSON. Muscogee Superior Court. November Term, 1870.

On the 12th of August, 1870, Kent & Company's attorney made affidavit and bond to procure an attachment against R. F. Duran. In the bond he said: which attachment is returnable "to the May Term of the Superior Court of said county." The Magistrate ordered the officer to levy and make return " to the May Term of the Superior Court of said county." It was levied at once upon certain perishable property, and the Court ordered it to be sold. In this order the attachment is said to be " returnable to the November Term of the Superior Court."

At November Term, 1870, Downing appeared, showed that Duran had, within four months from the issuing of said attachment, been adjudicated a bankrupt under the Bankrupt Act of Congress of 1867, and that he, Downing, had been appointed his assignee and had qualified as such, and moved to be made a party-defendant as assignee. Plaintiff's counsel objected to this, but the Court overruled the objection.

Becoming a party, Downing moved to dismiss the attachment because it was not returned to November Term, 1870, as required by law. The plaintiff's counsel stated that " May " was put for " November " by mistake, both in the bond and attachment, and proposed to amend them by striking " May " and inserting " November."

The Court refused to dismiss the attachment or to allow the amendment, because, in his opinion, the bankrupt pro-

ceeding stopped the cause in his Court, and he could do *no* act in the premises. Downing then moved to have said attachment entered as dissolved. For the same reason the Court refused this also.

Each side sued out a bill of exceptions. Kent & Company complain at Downing's being made a party, and at the refusal of the amendment. Downing complains that the Court would not dismiss the attachment nor enter it dissolved.

The cases were here treated as one.

PEABODY & BRANNON, for Kent & Company, said the attachment was dissolved, and, therefore, no party should have been made : 40 Ga. R., 162 ; Bankrupt Act 1867, secs. 14, 21. The amendment should have been allowed : Acts, 1855-6, p. 38 ; R. Code, secs. 3454, 3456, 3240 ; 29 Ga. R. 644 ; 36th, 90 ; 37th, 24 ; 26th, 431 ; 35th, 269.

R. J. MOSES, for Downing, assignee.

McCAY, Judge.

1. If an attachment be in fact pending in the Courts of this State, and the defendant be declared a bankrupt, the attachment is, by the Act of Congress, dissolved : *Act of 1867,* section 14. But how is the State Court to know that the defendant is a bankrupt? Surely the judgment must be, in some authentic mode, made known to the Court. It may be denied. It would be a strange law if, *ipso facto,* by the fiat of bankruptcy, attachments in other Courts fell to nothing, so as to make the officers of said Courts trespassers. Order is one of the first requisites of legal proceedings, and we do not see how our Courts can take notice of judgments of other Courts by instruction. They must be brought to the notice of the Court, and this cannot be done without parties. We think, therefore, it was proper to make the assignee a party on his own motion, if for no other reason

than to have it properly made known to the Court that the defendant was a bankrupt.

2. We think, too, the assignee had a right to move to dismiss the attachment. If its levy gave the defendant any rights under the attachment bond, that passed, under the law, to the assignee, he has the right to use the means to make them effective, by dismissing the attachment.

3. We are clear, however, that the bond and attachment were amendable. The Code, section 3240, authorizes amendments of the bond and attachment. The amendment here was clearly only to correct a clerical error. It appears that in fact the attachment was returned to November Term, 1870. This was patent to the Court, and the amendment was only to make the statements in the attachment and bond conform to the facts.

Judgment reversed.