## JAFFRAY & COMPANY *vs.* PURTELL.

A declaration in attachment was filed after the first term and notice given to the defendant. At the next term the attachment was dis-missed, but without prejudice to the proceeding on the declaration. On the same day a general judgment was entered against the de-fendant by default, a *fi. fa.* issued and was levied:

*Held,* that a judgment could not be taken at that term ; one so taken was a nullity, and the levy thereunder was properly dismissed.

Attachment.    Judgments.    Before Judge HILLYER. Fulton Superior Court.    September Term, 1879.

Reported in the decision.

ARNOLD & ARNOLD; HOKE SMITH, for plaintiffs in error.

W. I. HEYWARD, for defendant.

CRAWFORD, Justice.

The record in this case shows that the plaintiffs in error had sued out an attachment against Purtell & Carroll, which had gone into execution, and been levied upon cer-tain land, which was claimed by Mrs. Purtell. When this claim case came on to be tried, after the plaintiffs in *fi. fa.* had introduced their testimony and closed, the claimant

Jaffray & Co. vs Purtell.

sh)wed by the record in the attachment case, that the same had been issued and made returnable to the April term, 1876 of Fulton superior court; that on the twelfth day of September following, a declaration in attachment was filed; on the 16th of the same month notice was served on the defendants, and that at the said September term of the said court the attachment was dismissed, and on the same day a general judgment was taken against the defendants by default.

Upon this testimony, the counsel on both sides submitting its legal effect to the judge, he dismissed the levy, and that ruling is assigned as error.

The question made, therefore, is whether the judgment taken under the facts stated was a nullity.

The law requires the declaration in cases of attachment to be filed at the first term, and when so filed, all subsequent proceedings are the same as in cases where there is personal service.

When notice in writing is given personally to the defendant ten days before final judgment on said attachment, the same shall have the force and effect of judgments rendered at common law.

The failure of the plaintiffs to file a declaration at the first term caused the dismissal of the attachment, leaving the declaration unaffected thereby, and with personal service on the defendants, but not with such standing in court as to authorize a judgment at that term. The law which allows a general judgment, where the ten days notice is given, pre-supposes the legal steps to have been taken, and that the declaration was filed at the first term.

Judgment affirmed.