RUSSELL v. FAULKNER & SON.

1. Under section 3308 of the code, the declaration in a case commenced by attachment must be filed at the term of the court to which the attachment is returnable, "the first term" being the return term of the writ of attachment.

2. That the levying officer failed to make an actual return of the attachment with his actings and doings thereon at or before the return term, affords no reason why the declaration should not be filed as the statute requires, especially where the delay of the officer is acquiesced in by the plaintiff or his counsel and no proceeding is instituted to compel the officer to make a return. Nor is it an excuse that one of the plaintiff's attorneys, a member of a firm practicing in the court, was prevented by providential cause from attending the court during most of the term, although he was the member of his firm who had the particular case in charge, and the other member was not informed as to the time when the attachment was returnable and did not expect and was not expected by his copartner to look after the case or give it any attention. Both members being practitioners in the same court and each of them being equally the plaintiff's counsel in the case, their client was entitled to the services of the one present in the absence of the other.

3. The declaration not having been filed till the second term, that is the term succeeding that to which the attachment was returnable, the court erred in not dismissing the attachment because the declaration was filed too late.          *Judgment reversed.*
   August 23, 1892.

Attachment. Attorney. Practice. Before Judge Ross. City court of Macon. September term, 1891.

Attachment was sued out by Faulkner & Son against Russell on April 28, 1891, returnable to the June term, 1891, of the city court of Macon. It was levied on the next day, and on April 30, the defendant made affidavit contesting the sufficiency of the attachment bond, and also replevied the property by giving bond which was attested and approved by the magistrate who issued the attachment. On May 9, an additional security executed the attachment bond in the presence of the same magistrate. On August 14, 1891, all the papers above mentioned were filed in the office of the clerk of the city court, and the attachment case was docketed to the September term, 1891, of the city court. During that term, on October 3, the defendant moved to dismiss the attachment because no declaration had been filed at the June term. The declaration was filed on October 3, after the motion to dismiss. The defendant amended his motion, alleging that the declaration "was filed at the second term of said attachment," and he therefore moved to dismiss the declaration and suit. As cause for not sustaining the motion, Mr. Wimberly, of the firm of Steed & Wimberly, the plaintiffs' counsel, made the following statement which was heard without objection, and was not controverted:

According to our firm's division of work, I had the entire preparation and management of this case; was the one our client saw and looked to. My partner, Mr. Steed, had no acquaintance with the case. In the latter part of May, 1891, I received unexpectedly a telegram notifying me of the dangerous illness of my father at Lumpkin, Ga., and notifying me to come at once. It was then within a few minutes of train time; I only had time to reach the train; had no time to see my family, carry my clothes with me, or to discuss any law matters with my partner, or to familiarize my partner with those cases I had more especially in charge. I re-

mained at my father's bedside constantly, almost without rest, till his death about the middle of June, 1891, and during this time had leave of absence. On my return to Macon two or three days afterwards, I was under the impression that the June term of court had been adjourned, the presiding judge being at the military encampment; but afterwards I learned that the court was in' session June 26th and 27th, C. A. Turner, Esq., judge *pro hac* presiding; when I learned this the term had been adjourned. By reason of the time I lost from my business, I forgot the date of this attachment and was under the impression it was returnable to the September term instead of the June term, and was confirmed in this impression by finding the case docketed and returned to the September term. At the September term I intended to file the declaration, but was delayed in doing so by reason of not being able to confer with my client and prepare it, my client being a transient railroad subcontractor who had finished his work and moved away; but I would have filed it during said term. At the time I learned that defendant had a motion to dismiss for want of such declaration, the matter of filing it had escaped me, but I was in court for the purpose of filing motions for new trial, taking judgments, and doing other things necessary to be done before the end of the September term, and would have examined the docket again and discovered that this declaration had to be filed that day, and would have filed it, even if I had not learned of defendant's motion. I was under the impression that the September term was the term to which the attachment was returnable, and found it returned and filed to that term, and thought that I had the whole of the term within which to file the declaration; and hence let the matter go over to the latter part of the term. If the attachment had been returned to the June term, my partner would have

found it there, and would have filed the declaration at that term.

Mr. Steed stated that he was present at the call of the docket on the first day of the June term, and would have heard and attended to this case if it had been on the docket to be called.

The motion to dismiss was overruled, the judge stating that his construction of the law was that the plaintiffs could file their declaration at the first term after the attachment was returned to the proper court, and that they were not required to file the declaration at the term to which the attachment was returnable, unless it should be returned by the levying officer before or during that term. To this ruling the defendant excepted.

HARDEMAN, DAVIS & TURNER, for plaintiff in error.
STEED & WIMBERLY, contra.