BIGBY, REED & BERRY and W. A. TURNER, for plaintiff.

CALHOUN, KING & SPALDING and P. H. BREWSTER, for defendant.

---

## SIMPSON, GLOVER & HAIGHT *v.* HOLT.

1. A petition for attachment against an alleged fraudulent debtor on the ground that he had "given a fraudulent mortgage on all his real estate and stock of goods and all other property liable to" plaintiff's demand, is not supported by an affidavit averring that the defendant "is fraudulently disposing of his property." The judge having issued the attachment upon such petition and proof without previously granting an order for the attachment to issue, the proof is open to inquiry by inspection, and the same being insufficient, the attachment was void and was properly dismissed. Code, §§3297, 3297(a); *Loeb* v. *Smith*, 78 *Ga.* 509.

2. The act of September 27, 1883 (Acts 1882-3, p. 535), establishing a a city court in Floyd county, does not invest the judge of that court with power to hear and determine petitions for attachments against debtors fraudulently disposing of, or making fraudulent liens upon, their property. The code, sections 3297–3301, contemplates that such petitions shall be dealt with by judges of the superior court only, and nothing in the act above referred to indicates any legislative intent to share the power thus made exclusive with the judge of the city court.        *Judgment affirmed.*
   October 1, 1892.

Attachment. Fraudulent debtor. Jurisdiction. Before Judge TURNBULL. City court of Floyd county. December term, 1891.

The attachment of Simpson, Glover & Haight against Holt was dismissed, and the plaintiffs excepted. The petition for attachment was addressed to the judge of the city court of Floyd county, and it alleged that Holt was indebted to the plaintiffs $269.56 on an open account a copy of which was attached, and that Holt had given a fraudulent mortgage on all his real estate and stock of goods and all other property liable to this account, to one Thomas W. Evans, said mortgage not be-

ing given for the purpose of paying any *bona fide* debt, but for the purpose of hindering, delaying and defrauding creditors and to avoid the payment of petitioners' account. Wherefore they prayed for the issuing of an attachment against all the property of Holt liable to attachment. To this petition was appended the affidavit of one of the plaintiffs, that Holt was indebted to them in the sum above named, and that he was fraudulently disposing of his property. On the same day, November 15, 1889, the plaintiffs gave a bond with security, payable to the defendant in attachment; and thereupon the judge of the city court issued an attachment returnable to the December term, 1889, of the city court.

Reece & Denny, for plaintiffs.

Ewing, Thompson & Ewing and C. A. Thornwell, for defendant.

---

Countryman *v.* East Tenn., Va. & Ga. Railway Co.

The evidence showing that, even if the defendant was guilty of some degree of negligence, the plaintiff, being an employee, was himself negligent and could, by the exercise of ordinary care, have avoided the injuries he received, a nonsuit was properly granted.
October 1, 1892.                            *Judgment affirmed.*

Railroad employee. Negligence. Nonsuit. Before Judge Meyerhardt. City court of Floyd county. September term, 1891.

Countryman sued the railroad company for damages. A nonsuit was granted, and he excepted. His testimony tended to show the following: He was caller at the railroad depot in East Rome. His duties were to wake up conductors, brakemen and firemen when they were needed and were not at their places. Occasionally he carried dispatches from the telegraph office to the railroad authorities. He was working under Lloyd, the night yard-master for the defendant. On the night of