The THOMPSON-HILES COMPANY *et al. v.* DODDS *et al.*

While the insolvent trader's act provides that mortgages made by the debtor after the filing of the creditors' petition, for the purpose of securing existing debts, shall be vacated, the lien of a valid mortgage executed by him before such filing is not affected thereby; and nothing in the registry act of 1889 deprives such a mortgage of its priority over the claims of the unsecured creditors as to the property covered by the mortgage or the proceeds thereof, although the mortgage may not have been filed for record until after the filing of the creditors' petition.

April 15, 1895. By two Justices. Brought forward from the last term.

Equitable petition. Before Judge JANES. Polk superior court. May 26, 1894.

BLANCE & FIELDER and SANDERS & DAVIS, for plaintiffs in error.    IRWIN & BUNN, *contra.*

SIMMONS, Chief Justice.

On August 5, 1893, the Thompson-Hiles Company and others, unsecured creditors of Dodds, a merchant, filed a petition against him under the insolvent trader's act (Code, §3149a), and a receiver was appointed, who took charge of his stock of goods and sold them. Prior to the filing of the petition, to wit on May 27 and June 3, 1893, two mortgages on the goods had been given by Dodds to the First National Bank of Cedartown; and upon a petition to distribute the fund in the hands of the receiver arising from the sale of the goods, the mortgagee, who had been made a party plaintiff to the petition, claimed priority over the unsecured creditors. It appears that the mortgages were not recorded or properly filed for record within thirty days from the date of their execution, nor until after the petition had been filed and a receiver appointed; and for this reason the unsecured creditors claimed that as against them the mortgages were not a lien on the property. The court awarded priority to the mortgages, and this judgment was excepted to. We think the court was right in so holding. Section 3149(d) of the code, which was relied on by the plaintiffs in error, reads as follows: "Upon the appointment of a receiver, no creditor shall acquire any preference, by any judgment or lien, or any suit or attachment under proceedings commenced after the filing of the bill, and all assignments and mortgages to pay or secure existing debts, made after the filing of said bill, shall be vacated, and the assets divided *pro rata* among the creditors, preserving all existing liens." This section, it will be seen, deals with mortgages made after the filing of the petition, and does not refer to mortgages made before that time, except in so far as it provides for the preservation of existing liens. It was insisted, however,

that under the registry act of 1889, mortgages made but not filed for record before the filing of the petition, stand upon no better footing, as against the petitioning creditors, than if made subsequently, the act providing that "deeds, mortgages and liens of all kinds which are now required by law to be recorded in the office of the clerk of the superior court of each county within a specified time, shall, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record in the clerk's office." (Acts 1889, p. 106.) In our opinion it would be giving the act a strained construction to hold that unsecured creditors, by the filing of a petition of this character and by the receiver's taking charge of the property, acquire such a transfer or lien, within the meaning of this section of the act, as to give them priority over a mortgagee, whose mortgage on the property was given prior to the filing of the petition, though not recorded or filed for record until afterwards. Before the adoption of the act of 1889, the effect of failure to record a mortgage within the time prescribed by law was to postpone it "to all other liens created or obtained or purchases made before the actual record of the mortgage" (Code, §1957); but it was never held that the effect of such failure was to postpone the mortgage to the claim of an unsecured creditor who had not obtained a judgment against the debtor. We know of no reason for holding that the act of 1889 was intended to place creditors on any better footing in this respect than that occupied by them before.        *Judgment affirmed.*