## LITTLE v. REYNOLDS.

1. The rule laid down in section 3785 of the Civil Code, to the effect that in cases of fraud the period of limitation shall run only from the time of its discovery, does not operate in favor of a plaintiff who might, by the exercise of ordinary diligence, have made such discovery.

2. The petition now under review makes a case where the exercise of such diligence would have resulted in discovering the defendant's alleged fraud, if any there was, and states no sufficient or satisfactory reason or excuse for the plaintiff's failure to use such diligence. Consequently there was no error in dismissing the action.

Submitted June 3, — Decided July 7, 1897.

Complaint for damages. Before Judge Lumpkin. Fulton superior court. September term, 1896.

*James L. Key*, for plaintiff.
*N. J. & T. A. Hammond*, for defendant.

COBB, J. On June 16, 1892, the plaintiff filed her petition alleging that the defendant had damaged her $1,250, in that on May 3, 1882, defendant sold to plaintiff a tract of land containing 81 acres, more or less, then used as a mill and

water-power site, and sold for that express purpose; that the boundaries of said tract were particularly pointed out and established by defendant and her agents, and that plaintiff bought fully relying upon such representations; that defendant and her agents represented that 32 acres of the tract lay in the northwest corner of land lot number 3 in the shape of a parallelogram; "that said tract extended north across and containing the mill-pond of said mill-site and included ten acres of land north of said pond." It is alleged that defendant had no title to said ten acres; that it is not in land lot number 3; that in 1891 she was ousted from the ten acres, and prior thereto had no notice that her title was not good; that the ten acres are immediately contiguous to the mill-pond and are necessary to its maintenance; that plaintiff has by survey ten acres in the opposite end of the parallelogram in lieu of the ten acres aforesaid; that the first mentioned ten acres are worth $750 more than the last; that the loss of the ten acres deprives her of the only reasonable access to the other land, and its market value is thereby depreciated; that upon the purchase of the land described she went into apparent possession of the ten acres, and used it as a part of the mill-site; that no fact came to her knowledge to prompt her to an inquiry which would have led to the discovery of the fraud; that there was no clue to the defendant's fraud; that the peculiar physical facts of the land line pointed out to her led her to believe that it was a genuine land line; that she exercised usual and ordinary care, and did not discover the fraud until the time above set forth. Upon demurrer the suit was dismissed, on the ground that it appeared upon its face that the action was barred by the statute of limitations, and that no facts were alleged sufficient to prevent the bar from attaching. The plaintiff excepted.

1. While it is provided in Civil Code, § 3785, that if the defendant, or those under whom he claims, has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud, it is necessary for a plaintiff who is seeking to take advantage of the exception set

forth in the section mentioned to allege such a state of facts as would make it apparent that ordinary diligence was exercised in order to discover the fraud which it is claimed caused the limitation to cease to operate.  "Fraud will prevent the statutory bar from running until it is discovered, but there must be reasonable diligence on the part of the plaintiff to discover or detect the fraud."    *Edmonds* v. *Goodwin*, 28 *Ga.* 38.   "Fraud which must have been discovered, if usual and reasonable diligence had been exercised, is not a good reply to the statute of limitations."    *Sutton* v. *Dye*, 60 *Ga.* 449; *Freeman* v. *Craver*, 56 *Ga.* 161; *Marler* v. *Simmons*, 81 *Ga.* 611; *Kirkley* v. *Sharp*, 98 *Ga.* 484.

2. Even if the facts alleged in the petition amounted to a fraud, it is plainly apparent from the allegations that by the exercise of the most ordinary diligence the alleged fraud could have been discovered ; and accordingly the plaintiff's cause of action was barred, whether the four or the seven years limitation applies.

The court committed no error in sustaining the demurrer and dismissing the action.

*Judgment affirmed.    All the Justices concurring.*