## CALLAWAY *v.* MAXWELL, administrator.

1. Where, in accordance with the provisions of the Civil Code, § 4720, a claim is filed to a fund sought to be reached by summons of garnishment in a suit in attachment, and bond is given to dissolve the garnishment, the claimant becomes, under the Civil Code, § 4723, a party to all subsequent proceedings in garnishment, and may take advantage of any defect in the pleadings of his adversary.

2. In a suit by attachment in the city court of Lexington, it is necessary to file a declaration in attachment at the term to which the suit is returnable, in like manner as if the suit were in the superior court. In the absence of such a declaration, any judgment rendered in the suit is a nullity, and may be attacked anywhere.

Argued April 14,—Decided June 14, 1905.

Certiorari. Before Judge Holden. Oglethorpe superior court. December 14, 1904.

*Joel & Hawes Cloud,* for plaintiff in error.
*Hamilton McWhorter* and *Hamilton McWhorter Jr.,* contra.

CANDLER, J. By the terms of the act approved December 13, 1899 (Acts 1899, p. 400, § 19), establishing the city court of Lexington, it was provided that "all laws upon subjects of attachments and garnishments as to any manner whatever in the superior courts of this State shall apply to the said city court as

if named with the superior court, so far as the nature of the city court will admit." Consequently, in a suit in attachment in that court, it is as necessary to file a declaration in attachment at the first term of the court as if the suit were brought in the superior court. In a proceeding on garnishment in attachment, where a claim to the fund sought to be reached is filed, and bond is given to dissolve the garnishment in accordance with the Civil Code, § 4720, the claimant becomes "a party to all further proceedings upon said garnishment." Civil Code, § 4723. As a party to the garnishment proceedings, whose interests are adverse to those of the plaintiff, he may, of course, take advantage of any defect in the pleadings. The failure of the plaintiff to file his declaration in attachment at the first term is a very serious defect, so serious, indeed, as to make it impossible to render any valid judgment in the case. The words of the statute are mandatory,—" the plaintiff *shall* file his declaration at the first term." Civil Code, § 4556. As was said by Mr. Justice Hall in *Banks* v. *Hunt*, 70 *Ga.* 743: "An attachment can no more proceed to judgment without a declaration filed on it at the term of the court to which it is returnable, than could an ordinary suit unless the declaration had been filed twenty days before the term to which the suit was made returnable." See also *Jaffray* v. *Purtell*, 66 *Ga.* 226. Nor does it matter that the claimant failed to call the attention of the judge of the city court to the fact that there was no declaration in attachment. A judgment against the fund in which the claimant was interested, in the absence of such a declaration, was an absolute nullity, and he could attack it anywhere. It was error to overrule the certiorari.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*