### HOWARD SUPPLY COMPANY *v.* BUNN *et al.*

1. Under the act of 1895, creating the city court of Brunswick in Glynn county (Acts 1895, p. 374), a justice of the peace of Ware county could issue an attachment against a non-resident for a sum exceeding $100, and make it returnable to that court.
2. Where the plea of the defendant denied owing the plaintiffs the amount sued for by them, but admitted an indebtedness of a lesser amount, which it alleged that the defendant had always been ready and willing to pay, there was no error in giving to the jury a form of verdict adapted only to finding some amount for the plaintiff, and in not giving to them a form suitable for finding nothing in favor of the plaintiff.
3. While the plea in general terms prayed that the defendant be allowed its expenses, costs, and damages resulting from the suing out of the attachment against it, yet, where there was no evidence to support any such claim, there was no error in failing to shape the charge with reference to it.

4. Where a sale of goods has been made, in the absence of proof of either contract or custom concerning payment therefor, the presumption is that the amount is payable on delivery; and if not paid, interest would run from that time.

5. Where evidence was not objected to, or if objection was made the ground therefor does not appear, its admission furnishes no reason for a reversal.

6. The part of the charge to which exception is taken, when read in connection with the entire charge, does not require a new trial.

7. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

Submitted July 18, 1906.—Decided February 15, 1907.

Attachment. Before Judge Gale. City court of Brunswick. January 8, 1906.

*Max Isaac* and *Hitch & Denmark,* for plaintiff in error.

*J. Walter Bennett* and *Krauss & Shepard,* contra.

LUMPKIN, J. 1. J. R. & T. Bunn sued out an attachment against the Howard Supply Company, a non-resident corporation, before a justice of the peace of Ware county, for the sum of $812.12. The justice made the writ returnable to the city court of Brunswick in Glynn county. A motion was made to dismiss the case for want of jurisdiction in that court, and because the attachment could not be made returnable there. The motion was overruled, and this furnishes one ground of exception.

The Civil Code, §4518, provides that attachments against non-residents may be made returnable to the superior court of any county of the State, where the amount exceeds $100. *Nashville R. Co.* v. *Cleghorn,* 94 *Ga.* 413. The act creating the city court of Brunswick declares that "the judge of said city court may, or any justice of the peace or notary public may, issue attachments returnable to said city court under the same laws that govern the issuing of attachments returnable to the superior courts." Acts 1895, pp. 374, 378, sec. 18. It is said in the act that all laws upon the subject of attachments and garnishments as to any matter whatever in the superior courts shall apply to said city court "so far as the nature of the city court will admit." It is suggested that, this being a court having limited territorial jurisdiction in Glynn county, the clause last cited prevented the issuing of an attachment by an officer of Ware county returnable to it. We can not agree to this proposition. The clause was doubtless inserted with a view to the fact that by its nature the court might

lack power to deal with certain matters, such as proceedings for attachments against fraudulent creditors, which are quasi equitable in character and exclusively for the determination of the superior court (*Simpson* v. *Holt*, 89 *Ga.* 834), pleadings seeking affirmative equitable relief (*Hecht* v. *Snook & Austin Co.*, 114 *Ga.* 921), and perhaps others. There is nothing in the nature of the city court of Brunswick which prevents it from dealing with an ordinary attachment against a non-resident where the sum exceeds $100. There was no error in overruling the motion. *Brooks* v. *Hutchinson*, 122 *Ga.* 838.

2, 3. The plaintiff sued for $812.12. The defendant's plea contained, among other things, the following statement: "the total account due the plaintiffs from the sale of all of said ties being $570.53, which this defendant has always been ready and willing to pay and has never refused to pay, and which it now tenders the plaintiffs, less its reasonable expenses incurred in defending this suit, and its costs and damages resulting from the suing out of the attachment against it, all of which expenses, costs, and damages it prays to have allowed by the court and set off against the amount admitted to be due as above shown." There was no evidence as to any expenses, costs, or damages. The plaintiff was therefore clearly entitled to a verdict for at least the admitted amount, and there was no error in instructing the jury as to the form of their verdict, so as to indicate that some amount would be found for the plaintiff, without giving them a form for finding altogether for the defendant.

4. The affidavit to obtain the attachment alleged that defendant was indebted to the plaintiffs in the sum of $812.12 principal, with interest on the same from the first day of January, 1905, until paid. The writ of attachment included both principal and interest. The declaration alleged that the defendant was indebted to the plaintiff in the principal sum of $812.12, recited the issuance and levy of the attachment, the filing by the defendant of a bond to dissolve it and to replevy the property, and prayed judgment "in terms of the law." This pleading was sufficient to authorize a verdict for interest from January 1, 1905, if the evidence sustained it. The evidence for plaintiffs tended to show a sale and delivery of cross-ties sometime before that date. It did not appear that this account was of the character which ordinarily

falls due at the end of the year.   Interest might have been claimed from the date of delivery.   Civil Code, §3550; *Morris* v. *Root,* *65 Ga. 686; McCarthy* v. *Nixon Grocery Co.,* 126 *Ga.* 762.   If the plaintiffs did not claim all the interest to which they might have been entitled, this furnished no ground for complaint to the defendant.

5, 6.  One ground of the motion for a new trial was based on the ground of the admission of certain evidence.   As to a part of it the court states in a note that no objection was made.    As to another part it does not appear what objection was made at the time when the evidence was admitted.    An excerpt from the charge is excepted to, but when read in the light of the entire charge, it furnishes no ground for a new trial.

7.  An examination of the evidence satisfies us that there was enough to support the verdict of the jury.   The facts differ from those in *Americus Oil Co.* v. *Gurr,* 114 *Ga.* 625, and *Chapman* v. *Americus Oil Co.,* 117 *Ga.* 881.

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*