6882. LOUISVILLE & NASHVILLE RAILROAD Co. *et al. v.* PERSONS *et al.*

BROYLES, J. The petition as amended showing upon its face that the cause of action was barred by the statute of limitations, the court did not err in dismissing the action.                    *Judgment affirmed.*

DECIDED MAY 18, 1916.

Complaint; from city court of Monticello—Judge Thurman. July 28, 1915.

The suit was filed December 29, 1913. The transaction on which the suit was based occurred on November 26, 1909. The defendants contended that as the wrongful act complained of was committed more than four years before the filing of the petition, the suit was barred by the statute of limitations; and on this ground a motion to dismiss the action was sustained. The plaintiffs contended that, the action being based on a fraudulent violation of trust and confidence reposed by them in the defendant Ray M. Persons, the statute of limitations did not begin to operate against them until they discovered the fraud, at a time within the four years preceding the filing of the suit.

The following facts were alleged: In 1909 and 1910 the defendants,- Ray M. Persons and Harvey Persons, were operating a cotton warehouse at Norwood, Georgia, and Ray M. Persons, as manager of the warehouse, had an arrangement with the agent of the Georgia Railroad (which was operated by the plaintiffs as lessees), under which cars were placed at the warehouse and loaded by Ray M. Persons with cotton to be shipped over the railroad by the defendants, and when the cars were thus loaded, Ray M. Persons would notify the agent of the railroad, who, after verifying the loading, would issue bills of lading. On or about November 26, 1909, Ray M. Persons informed the billing clerk of the railroad at Norwood that he had loaded in a designated car 26 bales of cotton shipped by the defendants for Ray & Co. to Davison & Fargo, cotton factors at Augusta, Ga., and upon this statement the billing clerk issued to him a bill of lading for that number of bales. Immediately after the bill of lading was issued it was discovered that there were only 25 bales in the car, and immediately and before the car was sealed the attention of Ray M. Persons was called to this fact and he was asked to return the bill of lading for correction; he admitted the mistake, and, when requested to return the bill of lading for correction, said that he would make the correction on the bill of lading before forwarding it to the consignees, and insisted on being allowed to do so, and the plaintiffs' agent trusted and relied upon him to make the promised correction, but he failed to make the correction and forwarded the bill of lading to the. consignees. The consignees, on discovering the shortage of one bale, filed a claim against the Georgia Railroad for the market value of the bale, and on March 21, 1910, the Georgia Railroad was forced to pay them its value, $83.80, to the injury and damage of the plaintiffs in that sum, and they sue for that amount, with interest thereon. The conduct of Persons in the several acts stated above, as to the bills of lading, was wrongful and fraudulent and in violation of trust and confidence reposed in him by the agent of the plaintiffs. It is alleged that the plaintiff had no means of knowing of the failure until called upon to make good the shortage, and that the reason for not filing suit immediately on being forced to pay the claim was that Persons kept promising to adjust the matter. By amendment it is alleged, that owing to the trust and confidence reposed in Persons

to make the correction as promised, the bill of lading being in his possession and not in that of the plaintiffs, the agent of the plaintiffs was lulled into a sense of security and was prevented from discovering that Persons had not made the correction, until the consignees filed their claim for the shortage on February 5, 1910. The plaintiffs were prevented from discovering the fraud by reason of the character of the act, Persons alone knowing that he had not made the correction, and concealing the fact from the plaintiffs and their agent until after the claim against the Georgia Railroad was filed. They could not by the exercise of reasonable diligence have sooner discovered the fraud.

*A. Y. Clement,* for plaintiffs, cited: Civil Code, §§ 4380, 4409, 4496; *Kirkley* v. *Sharp,* 98 *Ga.* 484; *American Nat. Bank* v. *Fidelity & Deposit Co.,* 131 *Ga.* 854; *Athens Mfg. Co.* v. *Rucker,* 80 *Ga.* 291 (3); *Monroe* v. *McCranie,* 117 *Ga.* 890; *City Council of Augusta* v. *Lombard,* 101 *Ga.* 729-30; *Davis* v. *Boyett,* 120 *Ga.* 649.

*Eugene M. Baynes,* for defendant, cited: *Davis* v. *Boyett,* 120 *Ga.* 649.