### 12346.  CARROLL & DOWNS *v.* GROOVER.

1. "The continuance of cases on account of the absence of counsel is not favored," and this court cannot say, as a matter of law, that the trial judge abused his discretion when he refused to continue this case.
2. The refusal to transfer the case from the city court of Hinesville to the proper court in Long county was not error.
3. The facts authorized the charge complained of, and it was not erroneous for any reason urged.
4. There is evidence to support the verdict.

DECIDED DECEMBER 13, 1921.

Attachment; from city court of Hinesville — Judge W. C. Hodges. February 12, 1921.

*J. W. Walker, J. R. Thomas,* for plaintiff in error.

*M. Price, B. A. Way,* contra.

BLOODWORTH, J. 1. A motion was made to continue this case because of the absence of leading counsel, who was "in attendance upon the United States court for the southern district of Georgia," and who was "engaged in the trial of cases in the said district court." In *Cotton States Life Ins. Co.* v. *Edwards.*

74 *Ga.* 221 (1), it was held: "The continuance of cases on account of the absence of counsel is not favored, and such absence is no cause of postponement, unless in cases of necessity or misconception. Absence without leave, to attend trials of cases pending in other courts, is no ground for continuance. (*a*) The judges of the superior courts are invested with discretion as to the continuance of cases for the term, or their postponement during the term, and unless such discretion is flagrantly abused in overruling a showing for a continuance, this court will not interfere with its exercise." Under the foregoing ruling, and especially in view of the counter-showing made, this court will not say, as a matter of law, that the trial judge abused his discretion in overruling the motion to continue the case. See also *James* v. *State,* 150 *Ga.,* 76 (102 S. E. 425); *Hilton* v. *Haynes,* 147 *Ga.* 725 (2) (95 S. E. 220); *Crawford* v. *Crawford,* 139 *Ga.* 68 (76 S. E. 564); *Kennedy* v. *Dukes,* 137 *Ga.* 209 (2) (73 S. E. 400); *Sealy* v. *State,* 1 *Ga.* 213 (44 Am. D. 641).

2. The cause of action in this case originated in what was then a portion of Liberty county. The attachment was made returnable to the city court of Hinesville, and the declaration in attachment and the answer thereto were filed in that court. Before the trial a constitutional amendment was ratified by the people, creating the county of Long. At the time of the trial of the case it was insisted that the city court of Hinesville had no jurisdiction of the cause after the creation of Long county, and a motion was made to transfer the case to the proper court in Long county. This motion was based upon the provisions of section 829 of the Civil Code of 1910, and it is insisted that this section is controlling, especially as the property levied on was "located and situated at Ludowici, Georgia in the territory which now embraces Long county." But this does not necessarily follow. This case is not like divorce cases, criminal cases, cases respecting title to land, and other cases where the venue is fixed by the constitution. Civil Code (1910), § 6538 et seq. There is no constitutional provision which fixes the venue of attachment proceedings against non-residents, but section 5063 of the Civil Code of 1910 does provide for this, and provides also that when the amount of the debt sworn to exceeds

$100 "the attachment may be returnable to the superior court of any county of this State." See, in this connection, *Howard Supply Co.* v. *Bunn,* 127 *Ga.* 664 (56 S. E. 757); *Nashville &c. Ry. Co.* v. *Cleghorn,* 94 *Ga.* 413 (21 S. E. 227). The act creating the city court of Hinesville (Ga. L. 1916, p. 232, sec. 2) gives to that court jurisdiction "to try and dispose of all cases of whatever nature, except those cases over which exclusive jurisdiction is vested in other courts by the constitution of Georgia." There is therefore no question but that the city court of Hinesville, when this case was filed therein, had jurisdiction, not only of the subject-matter but of the case itself. See *Howard* v. *Bunn,* supra. We cannot agree with learned counsel that § 829 of the Civil Code is absolutely controlling in this case. In *Pope* v. *State,* 124 *Ga.* 801, 809 (53 S. E. 384, 110 Am. St. R. 197, 4 Ann. Cas. 551), Presiding Justice Cobb said: "In a preceding part of this opinion we have called attention to the fact that the constitution of this State simply requires that certain actions shall be *brought* in a given county, and that certain other actions shall be *tried* in a given county, The act of 1905 providing for the organization of new counties simply provides for the transfer of pending suits of which, under the constitution and laws of this State, the new county shall have cognizance. It may be that a proper construction of this act would have the effect to transfer only those cases which the constitution declares should be tried in the county where the defendant resides, or where the land is situated, etc., and would not have the effect to transfer those cases where the constitution simply declares that the cases shall be *brought* in the county where the defendant resides." The provision of the statute that attachments against non-residents shall be *returnable* to the superior court of any county in this State is substantially the same as if it had said that the attachment could be *brought* in the superior court of any county in this State. Nor does it make any difference that the property levied on was found in "the territory which is now embraced in Long county." According to the ruling in *Nashville &c. Ry. Co.* v. *Cleghorn,* supra, section 5063, supra, when considered in the light of section 5061, "seems to mean that such an attachment may be made returnable to the superior court of any county without respect to whether or not the debtor has

effects therein, either in the form of property subject to levy or of credits subject to garnishment."

In addition to the above, this ground of the motion for a new trial shows that the defendants appeared in the city court of Hinesville and filed an answer to the declaration in attachment, and does not show that this answer was filed prior to the creation of Long county. Indeed, the motion to transfer does not show when Long county was created. Nor does it show that at the time the motion to transfer was made the organization of Long county had been perfected. In *Pope* v. *State,* supra, the Supreme Court said: "When an act providing for the creation of a new county provides for the future election of county officers, the territory embraced within the limits of the new county does not become a county until the organization of the new county is perfected. As was said by Sanderson, J., in People *v.* McGuire, 32 Cal. 143, 'In constituting a county something more is required than defining its boundaries. A local government must be provided, and the creation of a county is not accomplished until both these things have been done in the appointed mode. To hold otherwise would lead to very absurd consequences.'" Under all the facts of this case the filing of the answer of the defendants was a waiver of the jurisdiction of the court in which the case was proceeding. In addition to this when the defendants went into the city court of Hinesville and made a motion to continue the case without objecting to the jurisdiction, they waived the jurisdiction of the court; and, having waived it for one purpose, the waiver is binding for all purposes. So we must conclude that under all the facts of the case the court did not err in overruling the motion to transfer the case to Long county.

3. The facts authorized the charge of which complaint is made in the motion for a new trial, and the charge is not erroneous for any reason urged against it.

4. There is sufficient evidence to support the verdict, which has the approval of the trial judge, and this court will not interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*