## 24584. Nixon v. Russell Piano Company.

Jenkins, P. J. 1. A void judgment may be attacked by any person, and may be held to be a nullity "in any court when it becomes material to the interest of the parties to consider it." Code of 1933, §§ 110-701, 110-709.

2. Where the act creating the municipal court of the City of Augusta does not provide otherwise, and where the principal claimed or the value of the property involved exceeds twenty-five dollars, the general laws in regard to the pleadings, method of procedure, and practice in the superior courts are applicable to the municipal court. Ga. L. 1931, pp. 270, 276, 278, §§ 17, .19(b).

3. Where the statutes regulating purchase-money attachments do not provide otherwise, the procedure is the same as in ordinary attachments. Code of 1933, § 8-305.

4. The failure of the plaintiff to file his declaration in attachment at the first term is a very serious defect, so serious, indeed, as to make it impossible to render any valid judgment in the case. The words of the statute are mandatory—"the plaintiff *shall* file his declaration at the first term." A judgment in rem, in the absence of such a declaration, is an absolute nullity, and can be attacked anywhere. *Callaway* v. *Maxwell*, 123 *Ga.* 208 (2), 209 (51 S. E. 320) ; *West* v. *Gainesville National Bank*, 158 *Ga.* 640 (123 S. E. 870) ; *Coral Gables Corporation* v. *Hamilton*, 168 *Ga.* 182 (147 S. E. 494) ; *Jaffray* v. *Purtell*, 66 *Ga.* 226 ; *Wright* v. *Brown*, 7 *Ga. App.* 389 (66 S. E. 1034) ; Code of 1933, § 8-601.

5. In the instant suit, by the alleged owner of a piano for the recovery of its value on account of its alleged unlawful conversion, against the plaintiff in a former purchase-money-attachment proceeding, who took possession of the property as purchaser thereunder, the former proceedings in the municipal court of the City of Augusta are alleged in the petition. Under section 19(a) of the act creating that court, "the terms of said municipal court shall be held monthly on the fourth Monday in each month." Although the attachment was made returnable to the April term, 1933, the declaration was not filed until May 31, 1933, during the May term. Accordingly, the judgment being void because the declaration was not filed at the first term, the plaintiff, suing for the conversion of the attached property, had the right to attack the judgment as being void, and the title claimed by the purchaser at a sale based on an execution issued thereunder. The court therefore erred in sustaining the general demurrer to the petition, averring that it set forth no cause of action and that the judgment of the municipal court of the City of Augusta could not be thus collaterally attacked by the plaintiff. *Judgment reversed. Stephens and Sutton, JJ., concur.*

Decided June 14, 1935.

*Paul T. Chance,* for plaintiff. *Pierce Brothers,* for defendant.