33245.  WILLIAMS *v.* RUSSELL *et al.*

DECIDED OCTOBER 19, 1950.

530

*Hicks & Culbert,* for plaintiff in error.

*Leon & Dean Covington, Graham Wright, W. T. Maddox, J. D. Maddox, Gary Hamilton,* contra.

GARDNER, J. The case resolves itself into this question: which of the two intervening creditors, H. E. Williams or J. W. Jackson, was entitled to priority as to the funds in the hands of the receiver, derived from a sale by the receiver of the personalty in his hands as such? There was in evidence before the auditor a bill of sale from the defendant and his wife, dated March 5,

1946, in favor of J. W. Jackson, conveying "all of the goods, wares, merchandise and stock as well as all fixtures of every kind and character" located in the business and store of the defendant, with right to sell same at retail, replacing same with other goods of the same kind, given to secure the payment of a note signed by the said defendant and wife in favor of Jackson, of the same date, payable in one year, for $7500 principal. It appears that this bill of sale was executed and delivered but never recorded, being lost before it could be recorded. There was in evidence another bill of sale to the same effect, which was executed in March, 1948, and recorded on March 16, 1948, a few days prior to the institution of this suit, which was dated back to March 5, 1946. There were in evidence other notes or evidences of debt showing that the total indebtedness of the defendant to Jackson was some $10,000. The latter bill of sale was executed to take the place of the lost bill of sale. It appears that when this latter bill of sale was executed the defendant had already left Rome; that Jackson sent his attorney to Florida to obtain another bill of sale, and that this second bill of sale was executed in March, 1948. It is claimed that this constituted a wrongful preference by the defendant of the creditor Jackson over other creditors of the defendant, including Williams, under Code § 28-201, which provides that conveyances made by a debtor to one creditor to defraud other creditors are void. In *Thompson* v. *Shellman Banking Co.*, 180 *Ga.* 495 (179 S. E. 75), it was held that, "The right of a debtor to prefer one creditor over another is subject to the qualification that a conveyance for that purpose must not be tainted with any intention to hinder, delay, or defraud others, such conveyance being judged by the intention with which it is made and accepted, and not by its consideration or effect."

Williams was likewise a creditor of the defendant, and sets up that he should have been given preference as a preferred creditor. It appears that the defendant was indebted to Williams on certain notes for $1150 principal; that such notes became due in December, 1947 and March 1, 1948; that Williams filed an attachment on March 11, 1948, against the defendant, which was levied upon certain personalty of the defendant, which property, after levy of the attachment, was in possession of the

receiver appointed by the court. Williams never filed any declaration in attachment, and it does not appear that there was any legal reason why this was not done. Accordingly, any lien which might have been acquired by any levy of this attachment was lost. See *Wright* v. *Brown*, 7 *Ga. App.* 389 (66 S. E. 1034), and cit.; *Nixon* v. *L. A. Russell Piano Co.* 51 *Ga. App.* 399 (180 S. E. 743). The fact that the property was in the hands of the receiver did not of itself render unnecessary the perfecting of the attachment by the filing of the declaration based on the attachment in due time, in the court to which it was returnable, nothing appearing as to why such attachment was not perfected by the filing of a declaration, other than the appointment of a receiver to take charge of the property levied upon by the process of attachment. Without the lien of this attachment, Williams was clearly an unsecured creditor of the defendant.

Did the evidence demand a finding that the bill of sale of March, 1948, to take the place of the bill of sale lost before recordation, was given by the defendant to Jackson to hinder and defraud other creditors of the defendant and was hence void as to them? We think not. A debtor may prefer one creditor to another, provided it is not done to hinder, delay and defraud creditors. Code, § 28-301. The evidence did not demand a finding by the auditor that the second bill of sale, obtained from the defendant and 'his wife to replace the lost bill of sale, which had never been recorded, was fraudulently obtained. There is no question but that the defendant was indebted to Jackson in the amount claimed and that he had executed a bill of sale covering the stock of goods to secure this indebtedness. The fact that this bill of sale was lost before being recorded does not render either this bill of sale or the one in lieu thereof void. No question arises of any bill of sale or mortgage given by the defendant in the meanwhile to this stock of goods. It appeared that Williams, the complaining creditor, had no lien against any of the personalty, including this stock of goods of the defendant, in the hands of the receiver. The failure to record the bill of sale, before it was lost, did not affect the indebtedness between the defendant and the grantee in this bill of sale. The validity of this indebtedness was not questioned. It does not appear that, subsequently to the date of this lost bill of sale and the ob-

taining and recording of the bill of sale given in lieu thereof on March 16, 1948, any bona fide purchaser or creditor of the defendant had obtained a valid lien as to the property of the defendant conveyed by the bill of sale, which it was sought to displace by this second bill of sale. Jackson's failure to record this bill of sale before it was lost, would not, therefore, affect his priority as a secured creditor of the defendant. See *Thompson-Hiles Co.* v. *Dodds*, 95 *Ga.* 754 (22 S. E. 673).

It follows that Williams was not a secured creditor and that it was not error to allow J. W. Jackson to share, as a secured creditor, in the distribution of the funds in the hands of the receiver, derived from the sale of the personalty in his hands; and that the court did not err in rendering judgment upon the exceptions to the auditor's report and findings to such effect.

The alleged error as to that portion of the order permitting E. C. Cowan to share in the distribution of the funds ahead of Williams, which was raised by Williams, does not appear to have been insisted upon by the said plaintiff in error, and will be treated as abandoned.

The order and judgment of the trial court on the exceptions to the auditor's report and findings does not appear to be erroneous for any of the reasons urged, and is upheld.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*