## 39526. NIX v. DAVIS.

DECIDED JUNE 25, 1962.

208

*Robert Golden, Kermit C. Bradford,* for plaintiff in error.
*Tyler, Burns & Tyler, L. D. Burns, Jr.,* contra.

JORDAN, Judge. ■ *Code* § 8-601 provides that: "[W]hen the attachment is returnable to the superior or county court, the plaintiff shall file his declaration at the first term." Under the mandatory provisions of this Code section, the declaration in a case commenced by attachment must be filed at the term of court to which the attachment is returnable, "the first term" as quoted in the above Code section being the return term of the writ of attachment. *Russell v. Faulkner,* 89 Ga. 818 (2) (15 SE 756). "The failure of the plaintiff to file his declaration in attachment at the first term is a very serious defect, so serious, indeed, as to make it impossible to render any valid judgment in the case" (*Nixon v. Russell Piano Co.,* 51 Ga. App. 399 (4), 180 SE 743); and the attachment is accordingly rendered void when the declaration is not filed at the proper term. *Callaway v. Maxwell,* 123 Ga. 208 (51 SE 320). It has been held that "No reason can excuse a plaintiff in attachment from filing his declaration in attachment at the first term." *Cochran Furniture Co. v. Corbett,* 49 Ga. App. 625, 627 (176 SE 827). This is true notwithstanding the failure of the levying officer to make the actual return of the attachment itself at or before the return term. *Russell v. Faulkner,* 89 Ga. 818 (2), supra. See *Universal Match Corp. v. Hendricks,* 94 Ga. App. 251 (94 SE2d 117), in which it was held that the failure of the plaintiff to file his declaration at the first term rendered the attachment void irrespective of the fact that the plaintiff had been informed by the clerk of court that the case would not be returnable until the next term.

The writ of attachment in the instant case was issued on April

28, 1960, and levy was made thereunder on the same day. The attachment therefore was by operation of law returnable to the July term of Fulton Superior Court, said term being the first term of that court commencing not less than 20 days after the issuance of the attachment. *Code* § 8-117; *Bailey v. Kennett,* 32 Ga. App. 255 (122 SE 804). The Clerk of the Civil Court of Fulton County, however, in drawing the writ of attachment had erroneously directed that it be returned to the "June term" of Fulton Superior Court, there being no such term of court. This defect, however, was not such as would render the attachment void, if the attachment had in fact been returned to the proper term (*Kent & Co. v. Downing,* 44 Ga. 116); for while the attachment should give direction for its return, it is the law, and not the written direction to the levying officer, which endows the court with jurisdiction. *Stalvey v. Varn Motors Finance Co.,* 56 Ga. App. 696 (3) (193 SE 627).

The attachment in the instant case, however, was not in fact returned to the proper term (July term). Nor was the declaration in attachment filed by the plaintiff at the term of court to which the attachment was returnable as required by the mandatory provisions of *Code* § 8-601; and it necessarily follows from the decisions cited above, that the failure of the plaintiff to file the declaration at the proper term of court rendered the attachment proceedings null and void notwithstanding the fact that the declaration itself had not been properly returned by the levying officer. *Russell v. Faulkner,* 89 Ga. 818, supra. It was not error therefore for the trial court to dismiss the attachment.

■ The trial court having properly dismissed the attachment proceeding as being null and void since the declaration in attachment had not been filed at the proper term, it necessarily follows that the case could only proceed as an in personam common-law action commenced as of the date of the filing of the declaration or petition in the superior court, that is, October 27, 1960. Accordingly, since the petition affirmatively disclosed that the cause of action upon which it was predicated had accrued on April 29, 1958, a date more than two years prior to the filing of the petition, and since the statute of limitation

in this case, the same being a personal injury action, is two years (*Code* § 3-1004), and there being no facts appearing on the face of the petition to disclose that the operation of the statute had been tolled, the trial court did not err in sustaining the defendant's motion to dismiss the petition on the ground that the plaintiff's action was barred by the statute of limitation. *Marbut v. Hamilton*, 32 Ga. App. 187 (122 SE 738); *Davis v. Boyett*, 120 Ga. 649 (48 SE 185); *Louisville &c. R. Co. v. Persons*, 18 Ga. App. 84 (88 SE 905); *Little v. Reynolds*, 101 Ga. 594 (28 SE 919).

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*