45129, 45130.   MERCHANTS & MANUFACTURERS
TRANSFER COMPANY, INC. v. AUTO RENTAL
& LEASING, INC.; and vice versa.

ARGUED MARCH 4, 1970—DECIDED APRIL 8, 1970—
REHEARING DENIED MAY 7, 1970—

Stack & O'Brien, Fred L. Somers, Jr., Harry A. Burns, III, Edgar A. Neely, III, for appellant.

Henning, Chambers, Mabry & Chrichton, Edward J. Henning, E. Speer Mabry, for appellee.

EVANS, Judge. 1. Most of the leases here are agreements directly made between the parties involved in this litigation. We shall discuss these first, since the language in each of these leases is virtually the same. It thus appears from the reading of the portions of the contracts involved in this motion for partial summary judgment that even though the leases are indeed harsh, the language states that the "customer shall remain liable for payment of charges . . . during such period of default" and even though the owner has elected to terminate by written notice to the customer (the customer being in default by reason of non-payment of the indebtedness due under the rentals) yet the contracts as written would require the customer to be liable for continued payment of the rentals throughout the period of the lease or as long as the default lasted. This is true as to all the contracts having the same language therein. The leases of the equipment were for a period of five years, and from year to year thereafter. A reading of the whole contract shows that the rental charges were to abate only under certain circumstances set out in the lease, the contract being, in effect, a lease-purchase agreement requiring the purchase and sale of the vehicles upon cancellation and only in accordance therewith. While the contracts are quite favorable to the lessor, viewing each as a whole, we find no ambiguity, and a strict construction thereof finds the defendant liable for the payments of the charges thereunder. See *Sinclair Refining Co. v. Reid,* 60 Ga. App. 119 (3 SE2d 121).

As to the four vehicles involved in the contract received from the other lessor, the language is quite different. It provides that the lessee "shall thereafter remain liable to the lessor for any payments theretofore accruing *as well as for the damages caused by such termination.*" (Emphasis supplied.) Since the

contract has terminated and the damages have not been determined, a jury question remains as to the amount of damages. The appellant insists that this lease is not valid and before the court. However, under the evidence presented in consideration of the motion for partial summary judgment, it cannot be said that the transfer of the lease in question was not proper. By affidavit an officer of the corporation swore that the appellee was the owner and holder of the lease by transfer attached which shows this to be true. The seal of the notary public in Florida would not void the instrument, even if necessary to test its verity, for when nothing to the contrary appears, the attestation was presumably regular and created a legal presumption that the public officer did his duty. See *Code* § 81-409; *Hall v. Simmons*, 50 Ga. App. 634 (7) (179 SE 272); *Mell v. McNulty*, 185 Ga. 343, 356 (195 SE 181); *Southern Airways Co. v. Williams*, 213 Ga. 38 (3) (96 SE2d 889). By reason of the above rulings, the court did not err in denying this motion for partial summary judgment. The claim for future payments remains since some of the leases provide for future rentals during a period of five years or more and one lease provides for damages caused by the termination. The errors enumerated are not meritorious.

2. Cross appeals are authorized under *Code Ann.* § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077), and all errors affecting the appellee may be presented for adjudication under this portion of the statute, since *Code Ann.* § 6-701 (b) authorizes a review of all ancillary rulings "which may affect the proceedings below" without regard to their appealability at the time of the appeal. The subsequent amendment of the Appellate Practice Act draws in question the right of appeal of certain rulings but not this ruling. Accordingly, the motion to dismiss the cross appeal is not meritorious.

The only error enumerated in the cross appeal is that the court erred in granting a motion to dismiss the levy of attachment as to certain personal property. Where attachment issues before suit is pending, the plaintiff shall file his declaration in attachment within 15 days after the levy of such attachment, and the same shall thereafter be governed as ordinary civil actions. *Code Ann.* § 8-117 (Ga. L. 1962, pp. 520-521).

The record discloses that the affidavit, bond and attachment were filed on December 2, 1968. The Marshal of the Civil Court of Fulton County made levies on personal property as pointed out by the plaintiff's attorney, "First levy on December 3, 1968 —completed December 17, 1968." Thereafter summonses of garnishment were served from December 3, 1968, through January 28, 1969. The declaration of attachment was thereafter filed in the Civil Court of Fulton County on December 12, 1968, citing *Nixon v. Russell Piano Co.*, 51 Ga. App. 399 (180 SE 743); *Callaway v. Maxwell*, 123 Ga. 208 (51 SE 320) and *Nix v. Davis*, 106 Ga. App. 206 (126 SE2d 467) the lower court held that the portion of the proceedings as to the levy of attachment on the personal property was void since the plaintiff failed to file its declaration of attachment as to the personal property within the time prescribed by the statute. The court erred in dismissing the levy since the declaration of attachment was filed in time, and the Civil Court of Fulton County had concurrent jurisdiction with the superior court. See Ga. L. 1956, pp. 3271, 3277; *Howard Supply Co. v. Bunn*, 127 Ga. 663 (1) (56 SE 757); *Carroll & Downs v. Groover*, 27 Ga. App. 747, 749 (110 SE 30); *Tenn.-Va. Const. Co. v. Willingham*, 117 Ga. App. 290 (3) (160 SE2d 444).

*Judgments affirmed on the main appeal; reversed on the cross appeal. Hall, P. J., and Deen, J., concur.*