### 45667. SMITH v. ROBINSON.

HALL, Presiding Judge. Nonresident defendant in an action based on an attachment appeals from the denial of his motion to set aside the judgment of the Municipal Court of Columbus in which his automobile was levied upon and thereafter sold for the amount of the sum claimed to be due and judgment rendered against him.

1. The statute creating the Municipal Court of Columbus (Ga. L. 1966, pp. 3030, 3031) confers concurrent jurisdiction with the Superior Court of Muscogee County, "To try and dispose of all civil cases or proceedings, of whatever nature whether arising ex-contractu or ex-delicto . . . of which jurisdiction is not now vested by the Constitution and laws of the State of Georgia

exclusively in other courts." In our opinion, the Municipal Court of Columbus has jurisdiction over an attachment proceeding against a nonresident even though the attachment statute provides that the attachment is returnable to the superior court. *Tenn.-Va. Constr. Co. v. Willingham,* 117 Ga. App. 290 (3) (160 SE2d 444); *Carroll & Downs v. Groover,* 27 Ga. App. 747, 749 (110 SE 30); *Howard Supply Co. v. Bunn,* 127 Ga. 663 (56 SE 757); *Nashville &c. R. Co. v. Cleghorn,* 94 Ga. 413 (21 SE 227); *Merchants & Mfrs. Transfer Co. v. Auto Rental & Leasing, Inc.,* 121 Ga. App. 729 (2) (175 SE2d 156). The provision of *Code Ann.* § 8-117 concerning where attachments are returnable does not vest jurisdiction *exclusively* in the superior court. The limitation on the jurisdiction of the Municipal Court of Columbus relates to the exclusive jurisdiction of the superior court found in the Constitution and the laws. The provisions of the Constitution (*Code Ann.* § 2-3901) and the laws (*Code* § 24-2615) on the exclusive jurisdiction of the superior courts are the same.

2. The trial court erred in failing to set aside the judgment because the appellee failed to file a declaration of attachment as required by *Code Ann.* § 8-601.

*Judgment reversed. Deen, J., concurs. Evans, J., concurs specially.*
SUBMITTED SEPTEMBER 17, 1970—DECIDED OCTOBER 26, 1970.

*Roberts, Elkins & Kilpatrick, James A. Elkins, Jr.,* for appellant.

*Billy E. Moore,* for appellee.

EVANS, Judge, concurring specially. The appeal here is from the denial of a motion to set aside a judgment of the Municipal Court of Columbus in which an automobile of a nonresident (member of the Armed Forces) was levied upon, thereafter sold for the amount of the sum claimed to be due and judgment rendered against him without a declaration of attachment being filed and sued to judgment. The stipulation of facts in the record as to the evidence presented at the hearing shows that the appellant was a nonresident of the State of Georgia at the time of the levy and sale. The attachment in this case was against a nonresident, and under the provisions of *Code Ann.* §§ 8-117 and 8-601 (Ga. L. 1962, pp. 520,

521, 522) the same should have been returned "to any appropriate superior court." Ordinarily the attachment could have been returned to a court with county-wide jurisdiction concurrent with the Superior Court as heretofore ruled in *Tenn.-Va. Constr. Co. v. Willingham,* 117 Ga. App. 290 (160 SE2d 444), but a reading of the statute creating the Municipal Court of Columbus (Ga. L. 1966, Vol. 2, pp. 3030, 3031) discloses that it has concurrent jurisdiction with the Superior Court of Muscogee County, "to try and dispose of all civil cases or proceedings, of whatever nature, whether arising ex-contractu or ex-delicto, . . . of which jurisdiction is not now vested by the Constitution and *laws of the State of Georgia* exclusively in other courts." Since the law of the State of Georgia places the jurisdiction of this attachment by making it returnable "to any appropriate superior court as to nonresidents," this court was without jurisdiction. The Municipal Court of Columbus erred in overruling defendant's motion to set aside the judgment in this case. See also *Smith v. Rodgers,* 57 Ga. App. 237 (194 SE 884); *Nix v. Davis,* 106 Ga. App. 206 (126 SE2d 467); *Williams v. Russell,* 82 Ga. App. 529 (61 SE2d 567); *Nixon v. Russell Piano Co.,* 51 Ga. App. 399 (180 SE 743); 50 USCA § 520; *Smith v. Smith,* 222 Ga. 246 (149 SE2d 468); Boone v. Lightner, 319 U. S. 561 (63 SC 1223, 87 LE 1587); *Saborit v. Welch,* 108 Ga. App. 611, 613 (133 SE2d 921).

I therefore concur in the judgment of reversal because of the lack of jurisdiction of the lower court, although disagreeing with the majority in Division 1. I concur with the majority in holding that no declaration was filed as required in the case of nonresidents as held in Division 2.