JAMES PARKER, plaintiff in error, *vs.* MARTIN G. BRADY, defendant in error.

1. Defendant in attachment does not waive his traverse to the plaintiff's affidavit by afterwards pleading to the merits of the action. The two de-

fenses are perfectly consistent, the former going to the writ and the latter to the declaration.

2. While the traverse is not to delay the plaintiff after he has served the defendant personally with notice, it should be tried either before or with the main case, unless continued for cause when the main case is ready.

Attachment. Pleadings. Waiver. Practice in the Superior Court. Before Judge CLARK. Sumter Superior Court. October Term, 1875.

Reported in the opinion.

JOHN R. WORRILL, for plaintiff in error.

GUERRY & SON ; HAWKINS & HAWKINS, for defendant.

BLECKLEY, Judge.

Attachment issued in November, 1856, and was levied upon land, personal property, and by service of garnishment. Declaration was filed at the first term, and at the same term the defendant traversed the truth of the plaintiff's affidavit in relation to the ground of the attachment, which ground was that the defendant absconds. In April, 1869, the defendant filed a plea, on oath, to the merits of the action.

At October term, 1875, the cause came on for trial before a jury. The defendant offered evidence in support of his traverse of the plaintiff's affidavit. The evidence was repelled by the court, the court holding that the traverse was waived by pleading to the merits. The defendant then withdrew his plea to the merits and again offered the evidence, and it was again repelled by the court, the court holding that the traverse stood waived as well after the plea was withdrawn as before. The court then, upon inspection of the notes declared upon, rendered judgment, without the verdict of a jury, in favor of the plaintiff, for principal, interest and costs, reciting in the judgment that the plea having been withdrawn, there was no issuable defense filed on oath. The judgment contained a direction for levying, first upon the lands embraced in the attachment levy, and then upon the

property of the defendant generally. It made no reference to the personal property seized under the attachment.

There is in the record no evidence that the property was replevied, or that written notice of the attachment, or of the proceedings thereon, had ever been served on the defendant.

The Code provides, and the same, in substance, was statute law at the date of this attachment, that at the return of the attachment, the defendant may traverse the truth of the plaintiff's affidavit in relation to the ground upon which the attachment issued; that the issue formed upon such traverse shall be tried by a jury at the same term, unless good cause is shown for a continuance; and that if the verdict upon that issue be for the defendant, the attachment shall be dismissed at the cost of the plaintiff; Code, section 3312. The next section declares that the traverse shall not delay judgment on the declaration where personal service has been perfected, but that judgment may be had thereon, subject to the rules of the common law, as well before the trial of the issue on the traverse as afterward. The personal service here referred to is that provided for in section 3309, which is by notice in writing, to be served personally on the defendant by the sheriff, his deputy, or a constable, a copy of which is to be given to the defendant at least ten days before final judgment on the attachment, and the original, with the officer's entry thereon, is to be returned to the court. This being done, the judgment rendered upon the attachment is to have the same force and effect as judgments rendered at common law. The declaration is not to be dismissed because the attachment may have been dismissed or discontinued, but judgment upon the merits of the case is to be rendered on the declaration as in other cases at common law: Code, section 3309. Section 3328 declares that when the defendant has replevied the property, or when he has appeared by himself or his attorney at law, and made defense, or when he has been duly cited to appear by the written notice before mentioned, the judgment against him shall bind all his property, and have the same force and effect as when there has been personal service, and that

execution shall issue accordingly, but to be first levied upon the property attached. In all other cases the judgment on the attachment binds only the property attached, and is to be entered up against that property alone.

From these provisions of the Code, it seems clear beyond all manner of question, that the defendant may, at the same time, defend himself against the attachment and against the action founded thereon. The only restriction is, that, in order to contest the ground of the attachment, he must file his traverse at the first term. When he does so, he pleads, not to the action but to the writ. What is to hinder him from pleading to the action also? The plaintiff is expressly authorized to proceed, and is not to be delayed in the trial of his action. If he can proceed, may not the defendant resist him on the merits without losing his defense to the writ? What inconsistency between the two lines of defense is there? We can see none whatever. And if there were, it is in perfect harmony with our general system to allow contradictory pleas. In an ordinary action, there may be a plea in abatement and a plea in bar on the record at the same time: 51 *Georgia Reports,* 232. The plea in abatement should be first disposed of. So a traverse to the ground of attachment should be first disposed of, unless it is continued for cause. The Code directs that it be tried at the first term. It should always be tried before the main case or with it, unless there is legal ground for continuance. The plaintiff is not to be delayed by it, but that means that nothing that works a continuance of the traverse only shall postpone the main case. It does not mean that if both are ready for trial at the same time they shall not be tried together, or that if tried separately, the due order of trial shall be reversed. Notwithstanding a plea to the merits, there is still a substantial reason for trying the issue formed on the traverse. Both the costs and the lien of the attachment are involved in it. Should the issue be found for the defendant the levy would fall, and a judgment on the merits for the plaintiff would take lien on the property attached, as well as on other property, from the date of the

judgment only. And this is right. A plaintiff who falsely alleges a ground of attachment when there is none in fact, should lose the benefit of his levy. A lien acquired by perjury, or even by an honest mistake in the affidavit, should last no longer than till the truth is ascertained. The law is quite liberal enough when it allows the plaintiff, after a false commencement, to obtain a general judgment. When an attachment is dismissed its lien is lost: 53 *Georgia Reports*, 442; *Bruce vs. Conyers*, 54 *Georgia Reports*, 678.

The fourth head-note in *Poole vs. Perdue*, 44 *Georgia Reports*, 454, which says that " objections to the form of the affidavit in an attachment are waived by the appearance of the defendant and pleading to the merits," should be construed with reference to the facts of that case, and not extended beyond them. There the objections were not taken or filed until after pleading. Besides, *some* of the objections urged to the affidavit were considered and ruled upon separately by this court, as if not intended to be classed with those to which the fourth head-note applies; which latter are "objections to the *form* of the affidavit." In the present case the traverse went to the ground of the attachment—to the *truth* of the affidavit and not to the *form* of it. Moreover, the traverse was filed at the time prescribed by the statute. It was not after, but long before, any plea to the merits of the action.

Judgment reversed.