BANKS vs. HUNT et al.

Where, in an attachment case, a garnishment was served and an answer filed, the plaintiff might traverse the same at the term when it was made; but this is not imperatively required, and he could traverse the answer at a subsequent term before an order had been taken discharging the garnishee.

(a.) This differs from a traverse of the ground of an attachment. The latter is a dilatory plea or a plea in abatement, and must be filed at the first term.

(b.) The bare fact of answering and admitting indebtedness or effects, does not discharge the garnishee. He should pay the money into court or deliver the effects to the sheriff, to entitle him to a discharge; and these facts should clearly appear by the proceedings in the case. When this is done in open court, and his discharge moved for, if the plaintiff is dissatisfied with the answer, he may traverse it.

(c.) It will not avail the garnishee that the fund which he admits having may not be subject to the garnishment because of being daily wages due to the defendant as a mechanic. When the money is paid into court, the defendant may claim his exemption or waive his right thereto; and the plaintiff has the right to contest the fact that the fund arises from such source.*

October 9, 1883.

Garnishment. Practice in Superior Court. Debtor and Creditor. . Wages. Before Judge WILLIS. Muscogee Superior Court. May Term, 1883.

Banks sued out an attachment against Hunt, November 18, 1881, which was executed by service of summons of garnishment on Tilman, the same day. The declaration in attachment was filed December 5, 1881, in the usual

---

*Compare Pioneer Co-operative Co. vs. Eagle, etc. M'f'ng Co., 67 Ga., 88; Smith, constable, vs. Johnston, (September Term, 1883.)

form, returnable to the May term, 1882, of Muscogee superior court. At that term Tilman filed his answer admitting indebtedness, but showing that it was for daily wages due defendant, and that besides this he was not indebted otherwise and had no other property or effects belonging to him. At the November term, 1882, before judgment was taken against defendant in attachment, plaintiff in attachment traversed the answer, denying its truth, alleging indebtedness and that it was not exempt as daily wages. An issue was formed on the answer and traverse, which came on for a hearing at the May term, 1883; on motion of counsel for garnishee, the traverse was stricken, on the ground that it was not filed until after the term of court at which the answer was made. Plaintiff in attachment excepted.

J. M. RUSSELL, for plaintiff in error.

McNEILL & LEVY, for defendants.

HALL, Justice.

The question made by this record is, whether the answer of a garnishee under an attachment can be traversed at a term of the court subsequent to that at which his answer was made, and before an order has been taken discharging him. The answer may be put in at the term of the court at which he is required to appear, but if he fails to appear at that term and make answer, the case stands continued until the next term, when, if he again fails to answer, the plaintiff may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant in the attachment, or so much thereof as may remain unpaid at the time the judgment is rendered against the garnishee, and the court may continue the case until final judgment is rendered against the defendant. Code, §3304. This would seem to authorize judgment to be rendered against the defendant in attachment before

judgment goes against the garnishee. This order of proceeding has been sanctioned by this court, though it refused to interfere with the practice that prevailed in one of the circuits of the state, which required the issue on the traverse of the garnishee's answer to be tried before the suit against the principal debtor was tried. *Wilson vs. The Bank of Louisiana*, 55 *Ga.*, 98. That the garnishee's answer is in time, if made on the first day of the second term after service of the summons, has been expressly decided in cases of attachment. 60 *Ga.*. 554. If the plaintiff is satisfied with the answer, judgment may be entered against the garnishee for the indebtedness admitted, and if effects are returned, they must be delivered to the sheriff and disposed of by him, under order of the court. Code, §3405. But if the plaintiff is not content with the answer of the garnishee, he may, at the term of the court to which the return is made, traverse the same, and the issue formed upon such traverse shall be tried at the same term, unless cause is shown for a continuance. *Ib.*, §3406. It is insisted that this statute imperatively demands that the traverse shall be made and the issue formed thereby shall be tried at the term of the court to which the garnishee's answer is made, and not thereafter, and if this is not done, the plaintiff in attachment is bound by the answer; and this is likened to a traverse by the defendant of the grounds upon which the attachment issues, which must always be filed at the term to which the attachment is returnable, and not thereafter, (Code, 3312), and also to the term of the court at which the declaration in the attachment must be filed. Code, §3308. The analogy between these cases and the one under consideration, if it exist at all, is very incomplete and remote. The traverse of the ground upon which the attachment issues is an objection to the pleading; more precisely stated, "it is a plea to the writ," (56 *Ga.*, 375), and is certainly a dilatory plea, or plea in abatement, which must always be filed at the first term. Code, §3464. So, in the other case, an attachment can no more proceed

to judgment without a declaration filed on it at the term of the court to which it is returnable, than could an ordinary suit unless the declaration had been filed twenty days before the term to which the suit was made returnable. The application of either of these rules to the traverse of a garnishee's answer is not very apparent; that goes to the very merits of the action, and may be filed at any time during the pendency of the suit, like any other plea to the merits, which has been omitted, and upon precisely the same terms of other pleas of like character in other cases.

The bare fact of answering and admitting indebtedness or effects does not discharge the garnishee; he should pay the amount of the indebtedness admitted into court in the one instance, and in the other should turn over the effects in hand to the sheriff, in order to entitle him to a discharge, and these facts should clearly appear by the proceedings in the case. When this is done in open court, and his discharge is moved for, if the plaintiff is dissatisfied with the answer, he may traverse it. It may, perhaps, not avail him that the fund to which he answers as being in hand may not be subject to the garnishment, because of its being daily wages due the defendant as a mechanic. When paid into court, the defendant, if he sees proper so to do, may claim its exemption from the garnishment on that ground, or he may waive his right to have it exempted, and the plaintiff has the right to contest the fact that the fund returned as in hand arises from daily wages due the defendant as such mechanic.

In any view that we can take of this case, we think there was error in refusing to allow the plaintiff in attachment to traverse the garnishee's answer at the time he proposed so to do; of course he should have been required to file it upon the terms and conditions that all other amendments to pleadings are allowed. We decide the broad question that he had the right to file it at the time he made his application, which right seems to have been denied him.

Judgment reversed.