old age; the same having been requested by plaintiff's counsel in the opening argument.

GOETCHIUS & CHAPPELL and BECK & CLEVELAND, for plaintiff in error.

BRYAN & DICKEN and W. A. BROWN, contra.

---

## HOLLIFIELD v. SPENCER & COMPANY.

The petition in a civil action not having been filed and served the number of days required by law before the appearance term, and the defendant having appeared at the second term and, without making any objection or motion as to the date of filing or service, offered to plead to the merits, which the court erroneously refused to allow, and judgment having been then rendered in favor of the plaintiff, to which defendant submitted, making no effort to review or set aside the same, he could not thereafter attack such judgment by an affidavit of illegality. He had been served and had his day in court, and failed to pursue the proper remedies for the correction of the errors committed against him.

August 27, 1892.                          *Judgment affirmed.*

Judgment. Illegality. Before Judge BOYNTON. Butts county. November 16, 1891.

Illegality was interposed by Hollifield to the levy of an execution from the county court in favor of Spencer & Co. The judge of that court overruled the affidavit of illegality, and ordered the execution to proceed. Hollifield presented his petition for *certiorari;* the writ was refused, and he excepted. The original action was for $174.74, and was made returnable to the July quarterly term, 1889, of the county court, but the declaration was filed only thirteen days before that term. The defendant did not appear at that term but did appear at the next quarterly term, and when the case was called tendered a plea of the general issue, which was rejected on motion of plaintiffs, because the case had not been answered at the July term, and no name of counsel had been marked for defendant at that term. The affidavit of illegality

was on the grounds, that the term at which the judgment was rendered was neither the appearance nor the judgment term of the suit; that the suit was not filed in the county court as required by law, the filing being only thirteen days before the term; and that defendant was not served with notice of the pendency of the suit as required by law, nor did he waive such notice. The judgment was dated October 28, 1889; the affidavit of illegality was filed on May 8, 1891.

WRIGHT & BECK, by brief, for plaintiff in error.

LUCIAN L. RAY, by brief, contra.

THE WESTERN UNION TELEGRAPH COMPANY v. JAMES.

1. It is competent for the General Assembly to require a telegraph company, under a penalty, to deliver a message within a reasonable time after its reception by the company at the office in this State from which the delivery is to be made, whether the message be sent from another office of the company in this State, or from one of its offices in another State. This has been done by the act of October 22, 1887 (Acts of 1887, p. 111); and such act is not in this respect violative of the interstate commerce clause of the Federal constitution. The recovery of the statutory penalty in this case was warranted by law and the evidence.

2. Whilst the contractual limitation to sixty days for presenting a claim for damages against a telegraph company does not apply to the statutory penalty, it does apply to all claims for special damages, and operates not alone against the sender of the message, but against the receiver of it, where the message in question relates to the business of both parties and is a reply to a previous message sent by the receiver. Where the damage done to the latter by delay in delivering the message was in breaking up negotiations for the sale of cotton of a low grade and preventing a sale which would otherwise have been consummated, the measure of damages would be the difference between the price which would have been realized by the sale contemplated and the value of the same cotton on that day in the market; or if there was no market for such cotton at the place where stored, its value at the nearest market to that place at which it could be disposed of, together with the expense, if any, of transporting it thither. If it had then no market value anywhere, the measure of damages would be the