## MITCHELL v. PERRY.

FISH, C. J. 1. Where in a proceeding by attachment a court of general jurisdiction rendered a judgment in personam after the filing of a declaration on a promissory note in such proceeding, there is a ·presumption, in the absence of evidence to the contrary, that the attachment had become a personal proceeding in one or more of the ways provided by law, that is, the defendant had been duly notified, or he had replevied the property seized under the attachment, or he had appeared and made defense.

2. A defendant against whom had been rendered, in a superior court, such a judgment as that referred to in the preceding note presented, at a subsequent term, to the judge who rendered the judgment, a written motion to set it aside, on the grounds that movant "had no knowledge whatever of said . . judgment until after the adjournment of" the term of court at which it was rendered; and "that under the pleadings and allegations of the petition the plaintiff . . was, as a matter of law, not entitled to a general judgment against movant, for the reason that there are no allegations in the declaration in attachment to the effect that the notice as required by law for the obtaining of a general judgment had been given, or that the property had been replevied by the giving of the statutory bond in attachment for the purpose of releasing the levy;" and that movant had a good defense to the action in attachment, viz., that the plaintiff, prior to the rendition of the judgment it was sought to set aside, had recovered in a common-law action a general judgment against the movant for the same indebtedness upon which the attachment was based, and that plaintiff was not entitled to two general judgments against defendant for the same indebtedness. There was no averment in the motion that the movant had not been duly served with the statutory notice of the pendency of the attachment and of the proceedings thereon, but an allegation merely that he had no knowledge of the verdict and judgment until after adjournment of the term at which they were rendered; nor did the motion contain an averment that the movant did not appear and plead in the attachment proceeding, nor that he did not replevy the property under levy. *Held:* (1) Even if the declaration in attachment should have alleged that the defendant had been notified of the pendency of the attachment and of the proceedings thereon, a failure in this respect would be an amendable defect and curable by verdict and judgment. (2) It is not necessary for a declaration in attachment to allege that the defendant has replevied the property seized, in order to obtain a general judgment against him, since the declaration must be filed at the appearance term, whilst the defendant may replevy the property and make his defense at any time before final judgment is rendered against him; moreover it appears from the record that the judgment here sought to be set aside was against the movant as principal and a named person as surety, thus clearly indicating that the defendant had given bond with surety to replevy the property, which would authorize the rendition of a general judgment against him. Civil Code (1910), § 5113.

3. The conclusion from the foregoing notes is that the judge properly re-fused to grant a rule nisi on the motion.

*Judgment affirmed. All the Justices concur.*

MAY 13, 1916.

Motion to set aside judgment. Before Judge George. Wilcox superior court. June 21, 1915.

*M. B. Cannon,* for plaintiff in error.

*McDonald & Bennett,* contra.