### 16313. BLAKELY MILLING & TRADING CO. *v.* THOMPSON.

BLOODWORTH, J. 1. An attachment was levied upon certain personal property; the defendant gave bond as provided by § 5113 of the Civil Code of 1910; the officer who took the bond returned it to court; the plaintiff filed his declaration in attachment; and the defendant filed a traverse to the affidavit in relation to the ground upon which the attachment issued.

(*a*) A traverse of the plaintiff's affidavit should not delay judgment on the declaration in attachment. Civil Code (1910), § 5107. The defendant was entitled to a hearing on his traverse, because both the cost and the lien of the attachment were involved. *Parker* v. *Brady,* 56 *Ga.* 373, 375. When an issue on a traverse is found in favor of the defendant, all he gains is that the levy falls, and if a judgment is obtained on the merits it does not date from the time of the levy as provided by § 5124 of the Civil Code of 1910, but it "would take lien on the property attached as well as on other property, *from the date of the judgment only.*" (Italics ours.) *Parker* v. *Brady,* supra.

(*b*) Under section 5121 of the Civil Code of 1910, when a replevy bond is given in an attachment case "the judgment rendered against . . [the defendant] in such case shall bind all his property and shall have the same force and effect as when there has been personal service." "The

giving of a replevy bond by the defendant in attachment converted the suit from an action in rem to an action in personam, and as completely authorized the rendition of a common law judgment against the defendant in attachment as if the action had been begun in the usual form, followed by personal service." *Philip Carey Co.* v. *Sheppard*, 19 *Ga. App.* 368 (91 S. E. 444). See Civil Code (1910), § 5113; *Cincinnati Ry. Co.* v. *Pless*, 3 *Ga. App.* 400 (1), 463 (60 S. E. 8), and cases cited; *Mitchell* v. *Perry*, 145 *Ga.* 233 (88 S. E. 930).

(c) Where, in an attachment case, by the giving of a replevy bond the action has been converted from a suit in rem into an action in personam, though the attachment itself may fall the suit on the declaration is still maintainable. *Duke* v. *Automobile Supply Co.*, 21 *Ga. App.* 608 (94 S. E. 915), and citations; *Cowart* v. *Caldwell Co.*, 134 *Ga.* 550 (68 S. E. 500, 30 L. R. A. (N. S.) 720). Even though "an attachment be absolutely void this is no ground for dismissing a declaration thereon praying for judgment in personam where the declaration has been properly filed and the defendant duly cited to appear and general appearance has been made therein." *Falligant* v. *Blitch*, 19 *Ga. App.* 675 (2) (91 S. E. 1057). "The giving of a replevy bond is a judicial admission of notice equivalent in effect to an acknowledgment or waiver of personal service. *Camp* v. *Cahn*, 53 *Ga.* 558; *DeLeon* v. *Heller*, 77 *Ga.* 742." *Cincinnati Ry. Co.* v. *Pless*, supra.

(d) "Where an attachment has been dissolved by the giving of a replevy bond, and on the trial a judgment is rendered in favor of the plaintiff for the amount of his claim, it is lawful for the plaintiff to take judgment against the surety upon the replevy bond. Civil Code (1910), § 5113; *Watters* v. *Southern Fixture &c. Co.*, 13 *Ga. App.* 468 (79 S. E. 360)." *Rutland* v. *Hill*, 19 *Ga. App.* 528 (91 S. E. 922); *McDonald* v. *Kimball Co.*, 144 *Ga.* 106 (1) (86 S. E. 234); *Wilson* v. *Sims*, 144 *Ga.* 685 (87 S. E. 890). In the brief of counsel for the defendant in error attention is called to the fact that in the opinion in *Cincinnati Ry. Co.* v. *Pless*, supra, Judge Powell said: "If the attachment is for any reason subject to dismissal, the lien acquired by the levy falls and the surety on the replevy bond is discharged." The words "and the surety on the replevy bond is discharged" are obiter.

2. Conceding that the judge did not err in hearing the issue on the traverse to the attachment, nor in dismissing the attachment, under the rulings in the foregoing cases it was error to hold that "the burden rested on the plaintiff to prove the truth of the ground on which the attachment issued before the plaintiff would be entitled to any judgment against the defendant and the surety on the replevy bond;" and it was error also, after a verdict had been directed against the defendant, to refuse to allow a judgment to be entered against the surety on the replevy bond.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 9, 1925.

Attachment; from city court of Blakely—Judge Sheffield. February 16, 1925.

Application for certiorari was denied by the Supreme Court:
*C. L. Glessner,* for plaintiff. *A. H. Gray,* for defendant.