18397. BURNETTE *v.* JOHNSON *et al.*

STEPHENS, J. 1. The validity of a replevy bond filed by a defendant in attachment as provided in the Civil Code, § 5113, is dependent upon the validity of the attachment; and where the attachment has been dismissed, no liability attaches against the surety on the replevy bond, notwithstanding the plaintiff in attachment may, after obtaining jurisdiction in personam over the defendant, have proceeded with the suit and obtained a common-law judgment thereon against the defendant. *Bruce* v. *Conyers,* 54 *Ga.* 678; *Williamson* v. *Williamson,* 154 *Ga.* 788 (115 S. E. 805). Anything to the contrary contained in *Blakely Milling & Trading Co.* v. *Thompson,* 34 *Ga. App.* 129 (2) (128 S. E. 688), must yield to the superior authority of the Supreme Court as expressed supra, which under the constitution of this State is controlling. See also *Cincinnati Ry. Co.* v. *Pless,* 3 *Ga. App.* 400 (60 S. E. 8).

2. The judge of the superior court, after having sustained the traverse filed by the defendant in attachment to the plaintiff's affidavit for attachment, denying the alleged ground for the attachment, namely, that the defendant "conceals himself," did not, after a verdict found for the plaintiff against the defendant in personam in the suit preceding as at common law, err in failing and refusing to enter up judgment in favor of the plaintiff against the surety upon the replevy bond which had been filed by the defendant in attachment, replevying the property which had been seized under the attachment proceedings.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 13, 1928.

*Frank C. Tindall,* for plaintiff.
*Morris, Hawkins & Wallace,* for defendants.