20517. COURSON *et al.* v. MANUFACTURERS FINANCE ACCEPTANCE CORPORATION.

DECIDED JUNE 10, 1930.

*C. A. Christian,* for plaintiffs in error.

*Franklin & Langdale, H. C. Eberhardt,* contra.

LUKE, J. The exception in this case is to a judgment sustaining a general demurrer to an affidavit of illegality filed on the levy of an execution issued on a general judgment procured in an attachment case.

On February 1, 1927, an attachment affidavit was filed by Manufacturers Finance Acceptance Corporation, alleging that Mrs. L. J. Courson and L. J. Courson were indebted to the plaintiff for a balance due on the purchase-price of a described automobile. On February 5, 1927, an attachment based on the said affidavit was levied on the automobile. The defendants replevied the property

by giving the bond provided for by the Civil Code (1910), § 5113, and traversed the grounds of the attachment. Though the attachment was returnable to the February monthly term of the city court of Nashville, the declaration in attachment was not filed until April 7, 1927, two terms of court after the appearance term. Attached to the declaration was this writing: "The plaintiff in the within case having failed to file its declaration in attachment to the first term, to wit, February monthly term, 1927, of the city court of Nashville, and it being agreeable to both parties that the declaration in attachment be filed at this time nunc pro tunc as of the 7th day of February, 1927, during the February monthly term, 1927, of the city court of Nashville, it is agreed by counsel of record for plaintiff and defendant respectively that said declaration in attachment be filed nunc pro tunc as of the 7th day of February, 1927, during the February monthly term, 1927, of the city court of Nashville. This the 26th day of March, 1927. Franklin & Langdale, attorneys for plaintiff. W. D. Buie, attorney for defendants."

It further appears from the record that on February 21, 1929, a jury rendered a verdict against the traverse, and that on the same day a general judgment was rendered against the original defendants and J. S. Gaskins, security on the replevy bond, for the principal, interest, and attorney's fees sought to be recovered. On March 1, 1929, an execution was issued on this general judgment, and on October 12, 1929, this execution was levied on certain real estate as the property of J. S. Gaskins. It also appears from the record that on February 21, 1929, Mrs. L. J. Courson and L. J. Courson filed their motion for a new trial, and that on March 6, 1929, they amended the motion by adding a special ground complaining of the belated filing of the declaration in attachment. The court overruled the motion for a new trial. Counsel for the plaintiffs in error states in his brief that "this motion was abandoned, as the judgment was a complete nullity." On November 30, 1929, the defendants filed affidavit of illegality wherein this averment was made: "The defendants in said execution have never had their day in court, in that no declaration in attachment was ever filed in the city court of Nashville, in terms of the law; neither were either of the defendants served with any notice of the filing of any declaration in attachment in said cause; neither did either of the defendants waive the filing of any declaration in attachment or the

service of the notice of the filing of the declaration, nor authorize any one else to do so for them; neither did the defendants appear in court and defend the suit." On February 19, 1930, the affidavit of illegality was amended by making it aver that W. D. Buie was not attorney for defendants when he signed the agreement that the belated declaration in attachment might be filed. It was further averred in the amendment that the February and March terms of court had expired when the declaration in attachment was filed, on April 7, 1927, that none of the defendants had any legal notice of the filing of said declaration, and that the judgment entered against the defendants was void.

The court sustained the following demurrer to the affidavit of illegality:

"1. Said affidavit of illegality, . . when the entire record of the case is considered, sets out no legal ground of illegality.

"2. Plaintiff demurs to and moves to strike said affidavit of illegality in so far as it alleges that no declaration in attachment was ever filed in the city court of Nashville in terms of the law, for the following reasons: (a) Because said defendants filed a replevy bond, thereby appearing in said case, and the issue thereby formed was tried by a jury and a verdict returned in favor of the plaintiff, without the defendants ever having invoked, by motion or otherwise, a ruling of the court that the said declaration was not filed in his court in terms of the law. (b) Because, after said verdict was returned by said jury and after a judgment was rendered upon such verdict in favor of the plaintiff and against the defendants, L. J. Courson and Mrs. L. J. Courson as principals, and J. S. Gaskins as security, the defendants L. J. Courson and Mrs. L. J. Courson filed a motion for a new trial in said case," which motion raised the same question made by the affidavit of illegality, to wit, as to the belated filing of the attachment declaration; and the motion for a new trial was overruled, and no objection made to that ruling.

3. "Because, if such declaration was not filed in this court in terms of the law, such irregularity should have been taken advantage of by demurrer, motion to dismiss, or by some other method recognized by law, prior to said verdict and judgment in said case."

Plaintiffs in error contend that under the provision of the Civil Code (1910), § 5102, requiring that "the plaintiff shall file his

declaration at the first term," and under the rulings of both the Supreme Court and the Court of Appeals, the general judgment in the case was an absolute nullity. The case mainly relied on by plaintiffs in error is *Callaway* v. *Maxwell*, 123 *Ga.* 208 (51 S. E. 320). Headnote 2 in that case reads as follows: "In a suit by attachment in the city court of Lexington, it is necessary to file a declaration in attachment at the term to which the suit is returnable, in like manner as if the suit were in the superior court. In the absence of such a declaration, any judgment rendered in the suit is a nullity." It is fairly deducible from the language of that decision that a judgment was rendered against the funds in which the claimant was interested at a time when no declaration in attachment had been filed, and that the claimant made timely objection to the improper judgment. The writer of the decision in the *Callaway* case quoted with approval the following language from the decision in the case of *Banks* v. *Hunt*, 70 *Ga.* 741: "An attachment can no more proceed to judgment without a declaration filed on it at the term of the court to which it is returnable, than could an ordinary suit unless the declaration had been filed twenty days before the term to which the suit was made returnable." It may be noted in this connection that the belated filing of an ordinary declaration is not necessarily fatal to a judgment thereon. For instance, it was held in *Hollifield* v. *Spencer*, 90 *Ga.* 253 (15 S. E. 820), that where in such a case the defendant appeared at the second term and, without making any objection or motion as to the date of filing or service, offered to plead to the merits, and the court erroneously refused to allow him to do so and rendered judgment for the plaintiff, he could not by illegality attack the judgment. It may be observed that the question for decision in the *Banks* case, supra, was "whether the answer of a garnishee under an attachment can be traversed at a term of court subsequent to that at which his answer was made, and before an order had been taken discharging him," and that the language quoted was not essential to a decision of the case; also that the traverse was stricken on motion. In the case of *Jaffray* v. *Purtell*, 66 *Ga.* 226, where the attachment was filed after the return term, the court said: "The failure of the plaintiffs to file a declaration at the first term caused the dismissal of the attachment, leaving the declaration unaffected thereby and with personal service on the defendants, but

not with such standing in court as to authorize a judgment at that term." In this case, it is true, the attachment was dismissed "without prejudice to the proceeding on the declaration," but the language of the court indicates that the failure to file an attachment declaration at the first term does not necessarily irrevocably destroy the right of the plaintiff to proceed on his declaration where the requisite notice was given. In *Rock Island Paper Mills Co.* v. *Todd,* 37 *Ga.* 668 it was said: "Declarations in attachment must be filed at the appearance term; but where a consent order was passed, dispensing with the call of the appearance docket, and allowing pleas and exceptions to be filed at the next term, and the judge, presiding in the cause, gave an equitable construction to his own order, and held that the plaintiff might file a declaration in vacation, and no apparent harm was done to the defendant: *held* that, under all the facts of the case, this court will not control his discretion."

We do not think that the failure to file the attachment declaration in time was of itself sufficient to nullify the general judgment. We are further of the opinion that in passing upon the demurrer to the affidavit of illegality, the court had the right to consider the fact that the defendants had replevied the property levied on under the attachment execution. See *Fitzgerald Granitoid Co.* v. *Alpha Cement Co.,* 15 *Ga. App.* 174 (2), 178 (82 S. E. 774). When a defendant replevies the property attached he is deemed to have notice of the proceedings, and a general judgment may be rendered against him. *Hickson* v. *Brown,* 92 *Ga.* 225, 229 (17 S. E. 1035). "If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality; but if he has had his day in court, he can not go behind the judgment by an affidavit of illegality." Civil Code (1910), § 5311.

Our conclusion is that where, as in this case, the court has jurisdiction of both the defendants and the subject-matter, the defendants should make some appropriate objection to the belated filing of the declaration in attachment before judgment, and that they can not go behind the judgment by raising the question by affidavit of illegality.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*