36862.   PATNE *v.* OLIVER.

DECIDED NOVEMBER 4, 1957.

*John P. Rabun, B. P. Jackson, Jackson & Graham,* for plaintiff in error.

*C. L. Cowart, Ralph L. Dawson,* contra.

GARDNER, P. J. ■ The plaintiff in error has filed a motion in this court to allow diminution of the record to show that Clarence Smith and A. J. Beasley, sureties on the replevy bond, were parties against whom judgment was also rendered in this case, and another motion praying that they be joined as plaintiffs in error in this court. As to the first motion, the facts stated therein are conceded by the defendant in error to be true and are accordingly taken as true in this court. As to the second motion, however, sureties on such a bond are not necessary or essential parties to

the appeal. *Bunn v. Gamble,* 54 *Ga. App.* 417 (188 S. E. 257). Without deciding whether or not it would have been possible for the sureties, had they so desired, to become parties in the trial court by joining in the motion for new trial or otherwise, the fact remains that they not only were not parties in the trial court or parties in the motion for new trial, but they have made no motion and shown no desire or cause for being made parties in this court, the motion made being by the plaintiff in error and not by the sureties. The motion is accordingly denied.

■ The general grounds of the motion for new trial as they pertain to the traverse of the ground of attachment are considered in connection with the two special grounds on the same issue, which complain of the admission of testimony to the effect that for several years preceding the growing of the 1955 crop of onions on which the attachment was levied (some of which had been pulled and left in the field to cure, but most of which were still in the ground) the plaintiff and the defendant had farmed the land in partnership and had shipped all their onions out of the State, and also testimony that some two months after this attachment was levied and the property replevied by the defendant he actually did sell the onions out of the State. It further appears that in 1955 Patne and Oliver severed their partnership and divided the acreage, Patne having sole control of the 10-acre plot on which this crop of onions was grown. This is all of the evidence relating to Code § 8-101(6) providing for attachment "when the debtor *is causing* his property to be removed beyond the limits of the State," the sole ground of the affidavit of attachment here. This wording is significant when compared with subsection (2) providing for attachment when the debtor *"is actually* removing or *about to remove* without the limits of the county." (Italics ours.) Whether one is about to remove is a matter of intent, but it must be shown by acts and conduct. *Stix & Co. v. Pump & Co.,* 36 *Ga.* 526, 531. But that one is causing something to be done is more than a matter of intent and some overt preparatory act at least should be taken to carry the burden of proving this fact. No such overt preparatory act is shown by the evidence here. That the defendant shipped his onions out of the State on previous years, while it might constitute corroborative evidence as to intent, does not

establish the fact that he is doing so at the time in question. Nor does the fact that he did remove the onions from the State some months after the attachment was levied and the property replevied establish this fact, for, as stated in *Stix & Co.* v. *Pump & Co.*, supra, the intention must be shown "at or about the time the attachment was taken out." Therefore the record shows no evidence on which a jury would be authorized to find against the traverse to the attachment.

Where the defendant gives bond and security, or makes a general appearance and defends the action on its merits, both of which the defendant did here, the attachment is converted from a proceeding in rem to one in personam. Code § 8-901; *Higgins* v. *Gosden*, 53 *Ga. App.* 313 (2) (185 S. E. 574).

The proceeding is not cut short in such event by a finding in favor of the defendant against the grounds of attachment, but the case proceeds to trial and a general judgment may be entered. Whether or not the traverse is sustained affects the defendant only to the extent that (a) he cannot be taxed with the costs of the original attachment case, and (b) the judgment against him on the merits becomes a lien against his property from the date of judgment rather than from the date of the attachment levy. *Blakely Milling & Trading Co.* v. *Thompson*, 34 *Ga. App.* 129 (1a) (128 S. E. 688). As stated in *Cincinnati &c. Ry. Co.* v. *Pless & Slade*, 3 *Ga. App.* 400, 403 (60 S. E. 8): "The defendant having, by filing a replevy bond, a demurrer, and an answer, submitted himself personally to the jurisdiction of the court, with the right to make only such defenses as it could have made if it had been personally served with process, and the surety on the replevy bond making no complaint against the judgment, it becomes immaterial whether the levy of the attachment was regular or not, or whether the property seized was subject to levy; and these questions are therefore not for decision."

It is true of course that, where the grounds of attachment fail, the replevy bond, in so far as it is sought to bind the sureties thereon, fails also. In such event there is no liability of the sureties on the bond, but their remedy is by affidavit of illegality or "perhaps by some collateral motion." *Planters Loan &c. Bank* v. *Berry*, 91 *Ga.* 264, 266 (18 S. E. 137); *Williamson* v. *Williamson*, 154 *Ga.* 788 (115 S. E. 805); *Burnette* v. *Johnson*, 38 *Ga. App.* 396 (1) (144 S. E. 36).

Accordingly, it is immaterial whether or not evidence was properly admitted as to what the defendant did with his onions on prior and subsequent occasions because none of the evidence in the record is sufficient to carry the burden of showing that the defendant was moving his property out of the State at or about the time the attachment was levied. The jury verdict against him on this issue was error, but it must still be determined whether such error is harmful to him before a reversal of the case would be warranted. It was observed in *Cincinnati &c. Ry. Co.* v. *Pless & Slade*, 3 *Ga. App.* 400, supra, that when the defendant has made his appearance in the case the attachment itself, which is only a form of process, becomes functus officio so far as he is concerned. He is bound by the judgment in any event, since it is now a judgment in personam binding upon all of his property wherever it may be found, and he is no less bound by the judgment in the case because the attachment itself has failed, since he elected to come in and place himself within the jurisdiction of the court. The finding here made, of course, adjudicates that he is not liable for the cost of the attachment itself, and also adjudicates that the judgment lien on his property dates from the date of judgment rather than from the date of levy. It constitutes an adjudication that the replevy bond, which was an integral part of the attachment case, as distinguished from the case on its merits, is invalid because it falls with the attachment. None of these things, however, are cause for reversal, because the defendant is entitled to a new trial only in the event the error would affect the judgment finally entered up against him, which this would not. It is true that it might affect the sureties on the replevy bond, but they are not parties to this case and, if they desire to protest in their own right, must seek another remedy.

■ The general grounds of the motion for new trial as to the case on its merits are considered with the special ground which complains of error in the following charge of the court: "The plaintiff in this case as a guarantor for the defendant has the same right to proceed against the defendant by attachment that a surety or indorser would have under the provisions of Section 8-107 of the Code of Georgia which I have just read to you." Code § 8-107 provides that, where the principal shall become

subject to attachment, the surety or indorser on the instrument may have attachment against his principal. If such person has not paid the instrument the money shall be paid to the person holding the instrument; if it has been paid, the money shall be paid to such surety or indorser. The evidence here shows that the plaintiff was guarantor on a fertilizer note executed by the defendant for materials used in making his crop of onions; that the note was not paid when due; that the plaintiff paid the same and subsequently brought this action. This evidence is sufficient to show both the debt and the right of the plaintiff to recover directly from the defendant and whether his status was that of an indorser or a guarantor has no effect upon the defendant's liability in this proceeding. Accordingly, the verdict was supported by the evidence, and no reversible error is shown.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*