40879.   PARKER v. MERCER.

DECIDED JANUARY 29, 1965.

*G. Gerald Kunes,* for plaintiff in error.
*Hugh Wright, Horkan & Peters,* contra.
FRANKUM, Judge.   The demurrers to the declaration have not

been argued or referred to by counsel for the plaintiff in error except insofar as it is contended they raise a question as to the jurisdiction of the court, and insofar as the demurrers raise questions respecting the sufficiency of the declaration they are treated as abandoned.

■ In his brief and argument before this court counsel for the plaintiff in error contends that all the proceedings in this case were void because the attachment was made returnable to a court having no jurisdiction thereof, to wit: the City Court of Colquitt County. The argument and reasoning of counsel is that under the provisions of the Act of 1962 (Ga. L. 1962, p. 520), amending *Code* § 8-117, the jurisdiction of attachment proceedings against nonresidents is vested exclusively in the superior courts. It is true that the Act referred to provides that attachments against nonresident defendants shall be returnable to the superior court of the defendant's last residence if the defendant was formerly a resident of this State, or in the case of a nonresident not formerly such a resident, then to any appropriate superior court. In this case, however, it is unnecessary to decide whether the City Court of Colquitt County in the first instance had jurisdiction of the attachment proceeding because the defendant, after the declaration was filed, demurred and filed an answer thereto which he later amended by adding a setoff or counterclaim against the plaintiff. In none of these pleadings was there any express reservation of the right to object to the jurisdiction of the court over the person of the defendant, and by thus pleading to the merits of the case, *Cowart v. Caldwell Co.*, 134 Ga. 544, 550 (68 SE 500, 30 LRA (NS) 720), the defendant waived his right to object to the jurisdiction of the court to render a judgment in personam against him and converted the attachment proceeding into an ordinary common law action. The defendant thus submitted to the jurisdiction of the City Court of Colquitt County over his person, not in the attachment proceeding, but in the common law action, and he could not, after the expiration of more than a year, then come in and object to the jurisdiction of the court. *Worley Bros. Granite Co. v. Haskins*, 105 Ga. App. 444, 448 (124 SE2d 663).

■ What is said above virtually disposes of the only other

contention made by the plaintiff in error in his brief. This contention is that the proceedings were void by reason of the declaration not having been filed in time. Cited as authority for this contention is the ruling of *Nixon v. Russell Piano Co.*, 51 Ga. App. 399 (4) (180 SE 743), to the effect that the failure of the plaintiff to timely file his declaration is so serious a defect as to make it impossible for the court to render a valid judgment in rem against the defendant. However, the defendant having submitted to the jurisdiction of the City Court of Colquitt County over his person, the court's power was not to be exercised against the property attached, that is, in rem, (the court having dismissed the attachment) but against the defendant personally. In the *Nixon* case it does not appear that the defendant in the attachment case there involved ever did anything to submit his person to the jurisdiction of the court, and the case proceeded from its inception to final judgment purely as an attachment case never having been converted to an ordinary common law action as was this case. With respect to ordinary common law suits, it is too late after the defendant has pleaded to the merits of the case for him to object to the proceeding on the ground that the petition was not filed and served the number of days required by law before the appearance day. *Hollifield v. Spencer & Co.*, 90 Ga. 253 (15 SE 820). This principle has been held to be applicable to the rule respecting the time for filing declarations in attachment. *Courson v. Manufacturers Finance &c. Corp.*, 41 Ga. App. 551 (153 SE 624). Assuming, but not deciding, that under the provisions of Section 33 of the Act creating the City Court of Colquitt County (Ga. L. 1931, pp. 293, 305) the present law respecting the time of filing of declarations in attachment as embodied in *Code* § 8-117, as amended, is applicable to the City Court of Colquitt County, it was too late for the defendant to raise an issue respecting the time of filing of the declaration after having pleaded to the merits of it and permitted more than a year to expire after the attachment was levied, the declaration in attachment was filed, and such defensive pleadings filed.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*