45858.   GOOCH v. APPALACHIAN LUMBER COMPANY

EBERHARDT, Judge. Appalachian Lumber advanced money September 19, 1966, to Gooch to be used in the purchase of timber for it, and on November 7, 1968, for the purpose of enforcing collection, sued out an attachment against Gooch returnable to White Superior Court on the grounds that he was "actually

removing, or about to remove, without the limits of the county and is causing his property to be removed beyond the limits of the State, also said debtor conceals himself," and had it levied on Gooch's logging equipment. Declaration in attachment was duly filed, alleging that Gooch was indebted to it in the amount of the advances, no timber having been purchased with it, that the attachment had been duly levied on described equipment, and prayer for judgment. Gooch replevied the property by giving bond on November 8, 1968, and appeared generally by making answer to the declaration, denying the allegations of indebtedness, admitting the issuance and levy of the attachment and the giving of a replevy bond, and alleging that "the property was not subject to the attachment and said attachment was illegal and without justification." Upon a trial before a jury a verdict in favor of the plaintiff was returned and from a judgment entered thereon defendant appeals, enumerating as error (1) refusal of a new trial on the general grounds, (2) refusal to direct a verdict for defendant at the close of all the evidence, and (3) refusal of a new trial because of plaintiff's failure to prove venue and jurisdiction over the defendant. *Held:*

1. There is evidence in the record which, if believed by the jury, authorized the verdict returned. Consequently, there is no merit in the general grounds.

2. For the same reason there was no error in refusing to direct a verdict for the defendant.

3. The ruling made in *Patne v. Oliver*, 96 Ga. App. 644 (101 SE2d 154) is controlling of the remaining enumeration. Venue or jurisdiction of the person is waived by the making of a general appearance without specially reserving the matter in the answer or other defensive pleading. *Code Ann.* § 81A-112 (h); *Weems v. Weems*, 225 Ga. 154 (2) (166 SE2d 352); *George Washington Life Ins. Co. v. Peacock*, 90 Ga. App. 296 (82 SE2d 875); *Black v. Milner Hotels*, 194 Ga. 828, 831 (22 SE2d 780).

While the posting of a replevy bond alone does not amount to a general appearance, or the waiving of venue or jurisdiction of the person (*Drake v. Lewis*, 13 Ga. App. 276 (79 SE 167); *Worley Brothers Granite Co. v. Haskins*, 105 Ga. App. 444, 446 (124

SE2d 663)), it does make unnecessary the giving of a notice of pendency of the attachment, required under *Code* § 8-602 as a prerequisite to obtaining a personal judgment. *Mitchell v. Perry,* 145 Ga. 233 (88 SE 930); *Treutlen v. Smith,* 54 Ga. 575. An answer to the declaration, pleading to the merits, is a waiver of venue. *Parker v. Mercer,* 111 Ga. App. 108 (140 SE2d 915). This is particularly true where, as here, it is made and filed without reservation of the matter of jurisdiction or venue. *Cowart v. Caldwell Co.,* 134 Ga. 544, 550 (68 SE 500, 30 LRA (NS) 720).

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.* SUBMITTED JANUARY 12, 1971—DECIDED MAY 21, 1971.

*Maylon K. London,* for appellant.
*Kenneth R. Keene,* for appellee.