50984. ROSENBAUM v. DUNN et al.
50985. ROYAL INDEMNITY COMPANY et al. v.
DUNN et al.

CLARK, Judge.

Our consideration of this appeal and the cross appeal is divided into three segments. These are: (1) A motion to dismiss the appeal as to one of the two judgments appealed from, that being a summary judgment granted third-party defendants, Hertz Corporation and its insurer, Royal Indemnity Company; (2) the main case in which C. W. Dunn obtained a judgment against Howard G. Rosenbaum as defendant; and (3) the third-party action brought by Rosenbaum against Hertz and Royal Indemnity Company in which a summary judgment was rendered for these third-party defendants.

On September 26, 1970, Rosenbaum was operating a 1970 Chevrolet automobile which he had rented as a U-Drive-It from Hertz in Florida under a written lease agreement dated July 28, 1970. Hertz carried public liability insurance with the Royal Indemnity Insurance Company whereby Rosenbaum was also named as an insured. While driving northwardly on U. S. Highway 41 in Catoosa County he collided with a 1965 Volkswagen owned and being driven by Charles W. Dunn. Shortly after the collision Rosenbaum was arrested under a warrant charging possession of marijuana which was found in the automobile and he was placed in jail.

Rosenbaum was still incarcerated when Dunn brought suit against him on October 22, 1970, seeking damages arising out of the auto collision. Plaintiff alleged defendant was a resident of Illinois and subject to the Nonresident Motorists Act. Personal service was made upon Rosenbaum while he was in jail on the same day that the suit was filed. Four days later plaintiff served the Secretary of State, who, by registered mail, sent a copy of the complaint to defendant's Illinois address. That letter was returned to the Secretary of State marked "Addressee unknown, October 29, 1970." Thereupon the Secretary of State sent by registered mail a copy of the suit and process to the defendant in care of the Catoosa County Sheriff at Ringgold. This copy was received by an employee of the

sheriff at a time when the defendant was still confined to jail. Whether or not Rosenbaum received this copy is not shown.

An attorney who did not participate in the civil case had been retained to represent Rosenbaum in the criminal action. A warrant had issued alleging Rosenbaum "had in his possession at least 100 lbs. of marijuana with a value on the open market of $400,000." An indictment was also returned against Rosenbaum charging him with possession of marijuana in violation of the Georgia Drug Abuse Act. When the retained lawyer moved for a judicial determination of Rosenbaum's mental capacity to stand trial on the criminal charge, the superior court judge ordered Rosenbaum to be admitted to Central State Hospital for examination and observation of his mental condition. This occurred on November 11, 1970. After psychiatric studies had been performed but before any final determination as to Rosenbaum's sanity had been made, he escaped from Milledgeville on November 24, 1970. In the intervening five years he has not been seen nor heard from. During one of the hearings (July 23, 1973) counsel for defendant in this civil suit stated that the attorney representing Rosenbaum in the criminal case "seems to think he has been liquidated because of his connection with the gangs of narcotic people." (T. 1, page 6).

On November 5, 1970, an answer was filed in the name of Rosenbaum. This was a general appearance which did not raise any defense of lack of jurisdiction over the person nor insufficiency of service of process. Nor did the answer at that time indicate that the attorney filing the answer was doing so in behalf of the defendant by reason of the existence of uninsured motorists coverage carried by the State Farm Mutual Automobile Insurance Company for Dunn (plaintiff).

Almost two years later, on August 8, 1972, an amendment to Rosenbaum's answer was filed. This followed the same procedure whereby it was presented in Rosenbaum's name without disclosure of the interest of State Farm. It then presented for the first time two defenses: (1) lack of jurisdiction over the person on the ground that he had been served while confined to jail; and

(2) alleged insufficiency of service under the Nonresident Motorist Act. Plaintiff's motion to strike these defenses pleaded as "Third Defense" was later sustained. (R. 226).

When the case was called for trial on March 3, 1975, counsel of record for Rosenbaum made a motion for continuance on the ground that defendant was not present for trial and that there was a serious question as to his sanity. Extensive exhibits covering 144 pages of the trial transcript were introduced, including the Central State Hospital records covering the examinations of the defendant made in 1970. The motion for continuance was denied.

In the course of the trial, defendant's counsel made a motion for directed verdict upon the ground that the court obtained no jurisdiction over the defendant by reason of the service on him while in jail. This motion for directed verdict was denied. The jury found for plaintiff and judgment was taken thereon followed by this appeal.

In the interim, developments had occurred in the form of a third-party action brought by the State Farm attorney in the name of Rosenbaum against Hertz and Royal Indemnity. These will be covered when this opinion deals with the appeal from the judgment granted Hertz and Royal Indemnity.

### I. Motion to Dismiss

The motion to dismiss the appeal from the judgment rendered in the third-party proceeding is denied.

### II. Main Case

1. In the original suit between plaintiff Dunn and defendant Rosenbaum, the defendant-appellant contends the trial court erred in striking the amendment to defendant's answer which was denominated "Third Defense." This Third Defense contended there was no jurisdiction over defendant because (1) personal service upon him was invalid by reason of his then being in jail on criminal charges; and (2) that the attempted substitute service was insufficient in failing to conform with the Nonresident Motorists Act.

A party defendant waives his right to insist upon a defense of lack of jurisdiction of the court over the person as well as insufficiency of process by making a general

appearance without specifically reserving such defenses in the answer or other defensive pleadings. Code Ann. § 81A-112 (h); *Gooch v. Appalachian Lumber Co.,* 123 Ga. App. 804 (3) (182 SE2d 487) and cits.

Appellant argues there was no waiver because the defensive pleadings were filed by the State Farm Mutual Automobile Insurance Company as the insurance company carrying the uninsured motorists coverage and not by Rosenbaum. We cannot accept this contention. Basically, we cannot close our minds to the fact that State Farm is the party having a financial interest in this case even though all its activities in the main case have properly and legally been pursued in the name of Rosenbaum.

When an uninsured motorist carrier is served with process pursuant to Code Ann. § 56-407.1 (d), that section provides that the company thereupon has "the right to file pleadings, and take other action allowable by law in the name of either the known owner or operator or both or itself." Just as with any litigant when sued, the insurance company must choose its course of action. Its decision must take into consideration the hazards of such choice as might be made. An example of such dangers as loss of control of litigation occurred in *Londeau v. Davis,* 136 Ga. App. 25. There we held that the insurance company was precluded from attacking the defendant's admission of liability after it had elected to have its attorney participate as co-counsel in an answer which had already been filed by the actual defendant who was not its policy-holder (the plaintiff). Where an insurer elects not to file any pleadings or motions in its own behalf then it is not a party to the case. *State Farm &c. Ins. Co. v. Brown,* 114 Ga. App. 650 (152 SE2d 641). See also *Railey v. State Farm &c. Ins. Co.,* 129 Ga. App. 875 (3) (201 SE2d 628) and *Doe v. Moss,* 120 Ga. App. 762 (172 SE2d 321) for holdings as to the insurance carrier vis-a-vis the real defendant and its insured under the uninsured motorists statute.

Not only was the initial answer filed in the name of Rosenbaum, the named defendant, but the third-party action was filed in Rosenbaum's name as third-party plaintiff. The interest of State Farm did not appear in the record until after the third-party defendants sought to

recover attorney fees from State Farm as a party of the third-party proceedings. Included in Rosenbaum's motion to dismiss the third-party proceedings was a statement that ". . . the State Farm Mutual Automobile Insurance Company is not a party to said case." (R. 38).

Because of this waiver by defendant Rosenbaum it is unnecessary for us to deal with the question of validity of service upon a defendant while in jail or to consider if the substituted service here met the requirements of the Nonresident Motorists Act.

Although plaintiff's attorney in an abundance of precaution took additional steps in connection with perfecting service under the Nonresident Motorists Act after the initial personal service had been made upon the incarcerated defendant, an accepted adage in law is "surplusage does not vitiate." Therefore, we find no merit in enumerations 2 and 4 as applied to the main case. It would also apply with even more force to the eighth enumeration of error where appellant again argues the striking of the "Third Defense" as a part of the third-party proceedings because that action was instituted in Rosenbaum's name as third-party plaintiff.

2. When the main case was called for trial on March 5, 1975, Rosenbaum's counsel of record in the civil case moved for a continuance based upon the absence of the defendant with his whereabouts being unknown since 1970 and the existence of a question as to defendant's mental competency. In support of this motion defense counsel placed eleven exhibits in the record covering 144 pages of the trial transcript. Among these were the proceedings in the criminal case wherein the possibility of insanity had been considered, the 1970 order requiring Rosenbaum to be taken to the Milledgeville State Central Hospital for examination of his mental condition, the institution's psychiatric reports and the official hospital record of Rosenbaum's escape on November 24, 1970. Also included were the third-party proceedings and affidavits showing fruitless efforts of State Farm representatives to locate defendant since his escape from custody.

Nowhere in the diagnostic evaluations was there a medical finding that Rosenbaum was insane. The diagnosis was "(1) personality disorder (mystic religious

beliefs), (2) drug dependency (marijuana) and hallucinogens (LSD)." (R. 193). Noted in these reports was the observation that Rosenbaum was informed that "he is not psychotic" with certain subsequent actions leading the doctor to conclude "from this behaviour we get the feeling that this patient may be using mental illness to get away from the law." (T. 261).

"All applications for continuances are addressed to the sound legal discretion of the court. . ." Code Ann. § 81-1419. As is noted in the annotations for that section under the key word "Abuse," the grant or refusal will not be disturbed unless manifestly, flagrantly or clearly abused. As to inability of counsel to locate the whereabouts of his client for trial see *Smith v. Randall,* 52 Ga. App. 692 (184 SE 360).

The trial court did not err in refusing to grant a continuance. Therefore we find no merit in the third and sixth enumerations.

3. The fifth enumeration of error contends "The court erred in failing, sua sponte, when it appeared from the record that there was a probability that Rosenbaum was mentally incompetent when served with process and when it further appeared that he was not represented by a Guardian ad Litem or Guardian, and never had been, to appoint a Guardian ad Litem to represent him and make a judicial determination of his sanity." There is no merit in this assignment upon the facts of this case. Our reading of the entire record from the Milledgeville Central State Hospital as well as the other material in the two voluminous trial transcripts shows nothing that would warrant the necessity of a finding of mental incompetency in the civil action. Moreover, even if there were doubt, it is clear from the tenacious and able advocacy of the attorney handling Rosenbaum's defense in behalf of State Farm that failure to name a guardian ad litem would have to be considered harmless error.

### III. Third-party Action

On November 6, 1970, the date on which Rosenbaum filed his original answer to the main suit, he also filed as third-party plaintiff a complaint against the Hertz Corporation and Royal Indemnity Company. He claimed they had failed and refused to provide him with a defense

in violation of an alleged contractual obligation to do so and he sought judgment against them for such sums as might be adjudged against him in favor of the plaintiff together with reasonable attorney fees and costs. The answer by third-party defendants included a denial of any obligations under either the rental contract or insurance policy and averred violations of both contracts by Rosenbaum. Additionally by counterclaim and cross claim against both Rosenbaum and Dunn, they sought a declaratory judgment establishing the absence of insurance coverage to Rosenbaum. The final judgment from which Rosenbaum has appealed sustained a summary judgment on the declaratory judgment portions. It also dismissed the third-party action and assessed costs for the third-party action against Rosenbaum.

There are four enumerations of error in connection with the trial court's disposition of the third-party suit. We disposed of the assignment numbered eight as a part of the second division under our caption of "Main Case."

1. The seventh enumeration contends error in the overruling of Rosenbaum's motion to dismiss the counterclaim of Hertz and Royal Indemnity in seeking a declaratory judgment "because the rights of the third-party defendants had already accrued and were fixed by the rental contract and the insurance policy and therefore, no necessity existed to have them determined." From the complexity of the instant factual situation and questions of law the instant case was appropriate for use of the modern tool of "declaratory judgment."

"Where an insurer denies coverage under a particular policy and seeks to relieve itself of its obligation to defend a pending suit against an insured because of circumstances pleaded which cast doubt on the coverage of the policy as applied to those circumstances, there is such an immediacy of choice imposed upon it as to justify an adjudication by declaratory judgment." *Nationwide Ins. Co. v. Peek,* 112 Ga. App. 260, 263 (145 SE2d 50). This ruling was reaffirmed in *LaSalle Nat. Ins. Co. v. Popham,* 125 Ga. App. 724 (188 SE2d 870) where the situation involved a third-party complaint as exists here. Both of these opinions were written by our esteemed late

colleague Judge Eberhardt who in conformance with his custom cited cases in accord. These citations are listed at page 728.

2. The ninth enumeration represents the guts of appellant's case as to the third-party defendants because it attacks the grant of the motion for summary judgment to Hertz and Royal Indemnity Company. Appellant ardently asserts "There existed a genuine issue of fact as to whether or not the policy of liability insurance issued to Rosenbaum as Lessee under the rental contract and issued to Hertz by Royal for a period of one year from January 1, 1970 to January 1, 1971, was in full force and effect on September 26, 1970 the date of the collision, and therefore, depending on contractual obligations, there was the further general issue of fact as to whether or not Rosenbaum was an uninsured motorist."

We find no merit in this contention.

Rosenbaum rented the automobile from Hertz under a contract dated July 28, 1970, at a rental of $99 per week plus mileage. He made a deposit of $100. The date given for return of the car was "8/4/ ." No year was specified. Because of this typographical omission and a portion of the contract reading "wks. @ 99," appellant argues the contract should be interpreted as a car rental for a period of 99 weeks. Such argument is without basis. "In construing contracts it is the duty of the court to put a fair and reasonable construction thereon. It was held in *Empire Mills Co. v. Burrell Engineering &c. Co.*, 18 Ga. App. 253 (89 SE 530): 'In construing every contract it is necessary to look to the purpose intended, and where two constructions are possible, one unreasonable and the other reasonable, to give to the instrument the reasonable construction which would serve to put into effect the evident purpose of the agreement.'" *Whitney v. Hagan,* 65 Ga. App. 849, 850 (16 SE2d 779).

The reasonable interpretation is that Rosenbaum and Hertz agreed initially for Rosenbaum to have the use of the car for one week. He made a deposit of $100 with the weekly rate being $99. He rented the car on July 28, 1970, and the seventh day following would be August 4, 1970. When he was driving the Hertz car in Catoosa County on September 26, 1970, he was then seven weeks past the

agreed return date. Thus, Rosenbaum had converted the leased automobile to his own use and had terminated the permission originally granted for operation of the car. When his conduct terminated the permission, then the insurance coverage of Rosenbaum was also terminated under the provisions of the policy. *Hodges v. Ocean Acc. &c. Corp.,* 66 Ga. App. 431 (18 SE2d 28). ". . . There is an absence of permission within the meaning of the policy if the vehicle is being driven at a time or a place or for a purpose not authorized by the insured." *Ditmyer v. Am. Liberty Ins. Co.,* 117 Ga. App. 512, 519 (160 SE2d 844).

In view of this ruling we find it unnecessary to deal with the other provisions in the contract or policy such as obtaining the vehicle from Hertz by fraud or misrepresentation and its use in furtherance of an illegal purpose, all of which have been argued as grounds supporting the grant of summary judgment.

3. The final enumeration of error contends the court erred in overruling appellant's motion to strike the affidavit of the Hertz representative, A. C. Leone. Our examination of the affidavit indicates the court did not err in overruling the motion to strike.

Cross appeal

In view of the foregoing rulings the cross appeal is dismissed because of mootness.

*Case No. 50984 affirmed; Case No. 50985 dismissed. Quillian and Webb, JJ., concur.*

SUBMITTED SEPTEMBER 3, 1975 — DECIDED NOVEMBER 6, 1975 — 50984 REHEARING DENIED DECEMBER 4, 1975 —

*Frank M. Gleason,* for Rosenbaum.

*L. Hugh Kemp,* for Royal Indemnity Company et al.

*John E. Wiggins, Pittman, Kinney, Kemp, Pickell & Avrett, L. Hugh Kemp, Frank M. Gleason,* for appellees.