## 55135. DUNN v. ROYAL INDEMNITY COMPANY et al.

McMURRAY, Judge.

This case involves an automobile collision in which the defendant was driving a U-Drive-It owned by the Hertz Corporation. Hertz carried public liability insurance with the Royal Indemnity Company. The service of the complaint was made on plaintiff's uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, as well as upon the defendant personally. State Farm, pursuant to the provisions of the Uninsured Motorist Act, filed an answer to the complaint in behalf of the defendant, as well as a third-party complaint against Hertz and Royal.

Whereupon Hertz and Royal filed an answer to the third-party complaint, a counterclaim and a cross claim for declaratory judgment against both plaintiff and defendant in the main action, alleging therein there was no coverage under Royal's policy because the defendant had converted the rental vehicle to his own use prior to the collision in which he was involved and named as a defendant. Hertz and Royal filed a motion for severance of the third-party action, including the declaratory judgment action which was granted by the court.

The main action was then tried before a jury, resulting in a verdict for the plaintiff in the sum of $31,000. The defendant appealed after judgment was

entered in the case, and that judgment was affirmed in *Rosenbaum v. Dunn,* 136 Ga. App. 870 (222 SE2d 596). Therefore, the defendant is no longer concerned or involved in the present appeal.

However, in the *Rosenbaum v. Dunn* case the final judgment of the lower court also sustained a summary judgment on the declaratory judgment portions of the third-party complaint of Hertz and Royal against the defendant, and dismissed the third-party action brought against Hertz and Royal. This court in the *Rosenbaum v. Dunn* case also reviewed this issue and held that the defendant therein, "had converted the leased automobile to his own use and had terminated the permission originally granted for operation of the car. . . [and]. . . the insurance coverage of Rosenbaum [defendant] was also terminated under the provisions of the policy," citing *Hodges v. Ocean Acc. &c. Corp.,* 66 Ga. App. 431 (18 SE2d 28), and *Ditmyer v. Am. Liberty Ins. Co.,* 117 Ga. App. 512, 519 (160 SE2d 844).

The above history of the case now brings us down to the remaining chapter of this entire litigation, which is the status of the cross claim for declaratory judgment against the plaintiff. As to this part of this action Hertz and Royal filed a motion for summary judgment on the declaratory judgment proceedings filed against the plaintiff. Whereupon the plaintiff filed an amendment to his complaint (after judgment in his favor) alleging that Hertz and Royal were responsible for the payment of the judgment rendered against the defendant for reasons of public policy by requiring "spot insurance" for leased vehicles as that term is defined in Code Ann. § 92A-621, "Insurance for U-Drive-It Operators" (Ga. L. 1951, pp. 565, 578). Plaintiff also pleaded certain aspects of the Motor Vehicle Safety Responsibility Act of Florida (Florida Statutes Ann. §§ 324.771 and 324.031) as the law applicable to this case. Plaintiff also filed a motion for summary judgment on the declaratory judgment action. The motion for summary judgment of Hertz and Royal on the declaratory judgment action was granted, and plaintiff appeals. *Held:*

The argument as made by the plaintiff has considerable merit. Unfortunately, this court in

*Rosenbaum v. Dunn,* 136 Ga. App. 870, 878, supra, has already decided with reference to the decision sustaining the summary judgment on the declaratory judgment action as to the defendant in the case that the insurance coverage of the defendant was terminated under the provisions of the policy. Whether this be the law of the case or estoppel by judgment as to the plaintiff there simply remains nothing for review, inasmuch as this court has established that there is no coverage by Royal Indemnity Company in the declaratory judgment action. Consequently, the lower court did not err in granting summary judgment in the same declaratory judgment action as to the plaintiff. Further, the amendment as to the "spot insurance" for leased vehicles should have been put in issue before the final judgment was entered sustaining summary judgment in favor of Hertz and Royal as affirmed in *Rosenbaum v. Dunn,* supra. See Code § 110-501; *United States of America v. Hatcher,* 185 Ga. 816, 821 (196 SE 773).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 12, 1978 — DECIDED MARCH 7, 1978 — REHEARING DENIED MARCH 28, 1978 — CERT. APPLIED FOR.

*James A. Secord, Frank M. Gleason,* for appellant. *L. Hugh Kemp,* for appellees.